JOHN BOWES *vs.* GEORGE ISAACS and MORRIS KAHN, use of ALEXANDER SMITH.

SAME *vs.* SAME.

*Unauthorized correction of a Mistake by a Clerk—From what an Appeal will not lie.*

A judgment having been confessed on the 7th of January, 1869, in the Superior Court of Baltimore City, on the 15th of the same month certain persons appeared before the clerk of the Court, at his office in the Court-house, and as sureties confessed judgment in the usual way, to be levied of their goods, chattels, lands or tenements, in case the defendant did not pay the said original judgment on the 7th day of June next. The blank form of *supersedeas* was signed by the sureties, and attested by the clerk. The clerk in filling up the blank which was thus signed by the sureties, inadvertently wrote "June," instead of "July;" subsequently on discovering his mistake, he changed the last two letters "ne" to "ly," so as to make it read "July." On motion by one of the sureties to strike out the *supersedeas* judgment, it was HELD:

That the correction made by the clerk was not warranted by law, and the judgment should be stricken out.

A motion by a superseder to strike out the judgment of *supersedeas* having been overruled, an appeal was taken by him from the order of the Court refusing to strike out. Subsequently the appellant filed a petition asking the Judge to certify to the Court of Appeals, as part of the record in the appeal he had taken, an affidavit of his counsel made some time after the motion to strike out had been decided, and also one of its rules. The Court refused the petition. From this action of the Court no appeal will lie

APPEALS from the Superior Court of Baltimore City.

The causes were argued before BARTOL, C. J., BRENT, MAULSBY, GRASON, MILLER and ALVEY, J.

*John Henry Keene, Jr.,* for the appellant.

The Act of 1860, ch. 132, (Art. 18, sec. 23 of the Code,) clothed the clerks of the Circuit Courts in the several counties, of the Superior Court of Baltimore city, and the Com-

mon Pleas, with power and jurisdiction to take *supersedeas* of judgments and decrees in their respective Courts, and their acts to be valid must appear to have been performed in strict conformity with the modes appointed by the Legislature.

Section 47 of Article 51, of the Code, provides that the stay of execution on a *supersedeas*, taken under the preceding sections, shall be computed from the date of the *supersedeas*. The *supersedeas* being confessed upon the 15th day of January, the stay should have been to the 15th day of July, which is another irregularity and a defect apparent upon the face of the judgment.

The clerks of the Courts, in the performance of mere clerical duties, act in a ministerial capacity, and in legal contemplation are only the arm or amanuensis of the Court—a sort of branch of the legal service—as such, their acts are performed under the Court's eye, and by its authority, and are subject to its control, and when defectively or improperly executed, upon application to the Court will be corrected as clerical misprisions, but the authority of the Courts to make such corrections extend only to the correction of errors which transpire in the course of the business of the Court, wherein the clerk *acts as the amanuensis of the Court;* but this authority of the Court does not and cannot be pretended to exist or to be exerted so as to extend to the correction of those proceedings wherein the clerk is clothed by statute with special powers, in the execution of which (under the 23d section of Article 18, of the Code,) he exercises independent functions, and is a separate and distinct tribunal, and as such is not subject to the review, inspection, visitation or control of any higher authority. *Greff vs. Fickey, et al.*, 30 *Md.*, 75; *Mayor and City Council vs. The County Comm'rs Balt. Co.*, 19 *Md.*, 564; *Weighorst vs. The State*, 7 *Md.*, 450.

No authority can be adduced to support the doctrine laid down by the Superior Court, that after the stay had expired, the clerk could alter the face of the *supersedeas* judgment; on the contrary, that doctrine is in the teeth of the uniform de-

cisions of this Court. *Dilley vs. Shipley,* 4 *Gill,* 52; *Greff, et al. vs. Fickey, et al.,* 30 *Md.,* 75; *Chandler vs. Fisher,* 11 *Md.,* 333; *Montgomery vs. Murphy,* 19 *Md.,* 577, 581; *Cornish vs. The State,* 15 *Md.,* 211; *Watkins vs. The State,* 14 *Md.,* 412; *Ford vs. The State,* 12 *Md.,* 514.

The functions of the clerk being of a *quasi* judicial character, their validity must appear from the proceedings themselves, and no evidence *aliunde* can show jurisdiction which doth not appear *ex facie.*

*J. Alexander. Preston,* for the appellees,

Argued that the clerk was right to correct his mere clerical error in order to make the record conform to the truth, and referred to the following authorities: *Weighorst vs. the State,* 7 *Md.,* 442; *McCoy vs. Bayle,* 10 *Md.,* 391; *Lovejoy vs. Irelan,* 19 *Md.,* 56.

The motion to strike out the judgment having been disposed of by the order of the 25th September, 1869, and an appeal from said order having been prayed on the 27th day of September, 1869, the affidavit of Mr. Keene, filed the 2d day of October, 1869, could affect the case, only, by introducing other evidence into the record, to be sent to the Court of Appeals, than that which was before the Court at the time the "motion" was heard. As the affidavit could not be used for such a purpose, the action of the Court below was proper. *Greff, et al. vs. Fickey,* 30 *Md.,* 72; *Horner vs. O'Laughlin, et al.,* 29 *Md.,* 465.

MILLER, J., delivered the opinion of the Court.

The first appeal in this case is from the judgment overruling the appellant's motion to strike out the *supersedeas.*

The record shows that the appellees, Isaacs and Kahn, recovered a judgment on the 7th of Jan'y, 1869, in the Superior Court, against Judson H. Smith, which, as the docket entries therein state, was superseded by a *supersedeas,* filed on the 15th of Jan'y, 1869, with the appellant and Andrew

B. Wise, "sureties, due 15th July, 1869." The form of the *supersedeas* as it now appears in the record shows that the sureties on the 15th of January, 1869, appeared before the clerk of the Superior Court at his office in the court-house, and confessed judgment in the usual way to be levied of their goods, chattels, lands or tenements in case the said Smith did not pay the said original judgment, "*on the 7th day of July, next,*" and it is signed by the sureties and attested as taken and subscribed before the clerk. The chief ground on which the appellant relies is that in the form of the *supersedeas* as it stood at the time and prior to making his motion, it was expressed that the confessed judgment should be executed "on the 7th of *June*, next," and that the word "*June*" has since and without proper authority been altered to "*July*." The motion appears to have been heard on affidavits filed on the part of the appellant and on the statement of the clerk made at the time of hearing, and the Judge in his opinion, says: "It appears by the evidence and by the admission of facts that the superseding defendants appeared before the clerk and were informed that the *supersedeas* would be for *six months from the date of superseding* the same, and the usual terms of the confession of judgment as prescribed by the Code were repeated to them in which *the dates were correctly stated,* and they signed the *blank form* as is customarily done at the clerk's desk, he making the correct docket entry at the time. But in filling up the blank, signed by them, he inadvertently wrote *June* instead of *July*, and on discovering his mistake changed the last two letters *ne* to *ly*," and being of opinion the clerk had the right to correct his mere clerical errors so as to make the record conform to the truth, he overruled the motion.

With every disposition to sustain if possible this action of the Court below, meeting as it apparently does the justice of this particular case, we can find no warrant in law for so doing. By the Code, Article 18, section 23, it is provided that the clerks of the Circuit Courts of the several counties,

of the Superior Court and Court of Common Pleas of Baltimore city, "shall have the *power* and *jurisdiction* to take *supersedeas* of judgments and decrees in their respective Courts, as a justice of the peace has by law, and the *supersedeas* so taken shall have the same effect as if taken by a justice of the peace; and *every security* in a *supersedeas* of a judgment rendered in the respective Courts, and superseded before the clerks of said Courts *shall sign the same,* and if they cannot write, *make their marks,* to be attested by the clerk; and the several clerks shall be entitled to a fee of twenty-five cents for each *supersedeas.*" The mode in which a justice of the peace may take *supersedeas* of such judgments, is prescribed by the Code, Article 51, section 45, where the form of confession is set out, (which however by section 49, need not be followed precisely, provided substance and meaning are preserved,) and this confession shall be signed by the justice before whom the same is made and forthwith returned to the clerk of the Court in which the judgment was rendered who shall record the same. The substantial requirement of Article 18, section 23, is that the *supersedeas* shall be *signed* by *each* security at the time of his confession, in order that the extent and nature of the obligation into which he then enters may be evidenced by the written document and his signature thereto. This when filed in Court operates a stay of execution on the original judgment and is itself a judgment on which execution may issue under the Court's order and authority. But in taking the *supersedeas* and in requiring it to be signed and approving of the sufficiency of the sureties, (Code, Article 18, section 24,) the clerk does not act as clerk of the Court in which the original judgment was obtained or under the eye and authority, and as the hand thereof, but by virtue of a special power and authority conferred on him by law to be exercised at any time in or out of Court, and in or out of term time. Over his omissions or mistakes, when thus acting, the Court has no supervisory or discretionary power of correction as over entries made by

him in the regular discharge of his duty as clerk, and where he merely acts as the hand or amanuensis of the Court; and hence cases affirming the well settled power of Courts to correct clerical errors in their own entries, writs or other proceedings, can have no application to this case. The law requires the clerk in taking a *supersedeas* to proceed in the same way as a justice of the peace was required to act in like cases, before this section 23 of Article 18, became a part of the Code, (as it for the first time did, in its present form, by the Act of 1860, chapter 132,) save that he should see that each security signed the same at the time it was taken. If it had been required by section 45 of Article 51, that the *supersedeas* should be signed by each security and the justice had returned to the clerk a form signed *in blank* or with erroneous dates, it would scarcely admit of argument that the Court would have no power to order or allow the justice afterwards to fill up or correct the same according to his recollection of what took place at the time it was taken, or that the justice would have any authority to do so on his own motion; and if not, there is no reason why such action by a clerk in case of a *supersedeas* taken by him should be treated with more favor.

The substantial requirements of the law would be disregarded by allowing a *supersedeas* to be first signed in blank, and afterwards filled up, and then mistakes of essential dates corrected by the mere recollection of the clerk. The statute, by requiring the form of confession to be signed by the securities, must have intended to prevent the establishment or continuance of a practice so loose and dangerous as this, and no such practice, if any such exists, can receive our sanction. The very case before us is an instance of how little reliance can be placed on recollection, and affords an illustration of the wisdom of the law in requiring the confession to be complete when signed. It is conceded the case comes within the first branch of section 47, Article 51, which requires the six months stay to be computed from *the date of the supersedeas,*

and yet, after the correction now made, which the clerk supposed covered all errors, there is still a fatal defect in the date of the 7*th* instead of the 15*th* of July, on which latter day only would the six months from the date of the *supersedeas* expire. We are clearly of opinion, upon the facts stated by the learned judge in his opinion, that this *supersedeas* was not taken in conformity with law, and should, therefore, have been stricken out on the appellant's motion. The path of duty and mode of procedure is so plainly pointed out by the law, that there can be little excuse for erring therein. The clerk must first be satisfied of the sufficiency of the superseders as provided in Article 18, section 24, and then fill up with the proper dates and amounts, and names of parties, the blank form of confession prescribed by the Code, Article 51, section 45, or one similar in substance and meaning, and read it over to the parties, who, if they consent thereto, must then sign it, or, if they cannot write, make their mark, attested by himself. This is a very simple procedure, and when done, the *supersedeas* is perfected to operate for the purpose for which the law designed it, and it cannot afterwards be mutilated or corrected out of the presence, and without the assent of the parties who signed, either by the clerk or any one else. Mistakes, if any there be therein, must be corrected, if at all, on application to the proper *forum*, and in the proper mode, by a bill in equity, and not by motion to the Court as for the correction of clerical errors made by its own officer in its own proceedings. The judgment on this appeal must be reversed.

*Judgment reversed.*

(Decided 26th January, 1871.)

MAULSBY, J., dissented.

The second appeal must be dismissed. It purports to have been taken from a refusal of the Court after the motion to strike out had been decided, to take any action on a petition of the appellant asking the Judge to certify to this Court, *as*

*part of the record in the preceding appeal*, a certain affidavit of his counsel made some time *after* the motion had been decided, and also from the refusal of the Court to certify to us one of its rules.   We are utterly at a loss to perceive how an appeal can be held to lie from this action of the Court. We have nothing to do, as affecting that judgment, with what occurred, after the judgment overruling the motion was pronounced.   In deciding that appeal, we are confined to the record of what took place up to the time of the judgment appealed from.   But even if the matter were before us for review, there can be no doubt of the entire propriety of the action of the Judge in the premises as explained in his second opinion.

                                                      *Appeal dismissed.*

(Decided 26th January, 1871.)