(Decided 2nd July, 1873.)

ALEXANDER SMITH *vs.* JOHN BOWES and ANDREW B. WISE.

*Defective execution of Statutory Power not remediable in Equity on ground of Mistake.*

On the 7th of January, 1869, a judgment was recovered in the Superior Court against J. H. S., which was superseded by a *supersedeas* filed on the 15th of January, 1869, with the appellees as sureties, who were informed at the time that the *supersedeas* would be for six months from the date of executing the same. The blank form of the *supersedeas* was signed by the sureties and attested by the clerk, who in filling up the blank, which was thus signed, inadvertently wrote the 7*th day of June* as the date for the expiration of the stay of execution. Subsequently on discovering his mistake, he, out of the presence, and without the authority, of the sureties, changed the last two letters in the word June to "*ly*," so as to make it read July. A motion was made by one of the sureties to strike out the *supersedeas* judgment, but the Superior Court overruled the motion. On appeal from this action of the Court, the Court of Appeals being of opinion that the *supersedeas* was not taken in conformity to law, and that the judgment should, therefore, be stricken out, reversed the judgment of the Superior Court. Afterwards, the appellant, to whose use the original judgment had been entered, filed a bill in Equity, alleging that the words the "7*th day of June*," had been through mistake written by the clerk instead of the "15*th day of July*," and asking that said mistake might be corrected and reformed. HELD :

Smith *vs.* Bowes & Wise.

That there was no power in the Court, in the exercise of its jurisdiction for the correction of mistakes, to make the *supersedeas*, which had been declared invalid as not in conformity to law, valid and effective.

A Court of Equity, in the exercise of its jurisdiction for the correction of mistakes, cannot relieve against the defective execution of a statutory power, nor dispense with or supply any of the formalities required for its due and legal execution.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case filed on the 15th of February, 1871, by the appellant against the appellees, charged that a certain George Isaacs and Morris Kahn, on the 7th of January, 1869, recovered, in the Superior Court of Baltimore City, a judgment for the sum of $986.80, which was assigned by the plaintiffs therein to the complainant on the 8th of February, 1869; that said judgment was superseded for six months on the 15th of January, 1869, by the appellees, and that the clerk of said Superior Court in filling up the *supersedeas*, by mistake wrote the words "7th day of June" instead of the words "15th day of July," although it was understood, and was the object and intention of the parties executing said *supersedeas*, that the latter words instead of the former should have been written; that said mistake could only be corrected in a Court of Equity; that Judson H. Smith, the defendant in the original judgment had become insolvent, and the appellees as sureties, as aforesaid, were endeavoring to escape the payment of their just obligation by the aforesaid mistake. The bill prayed that the mistake so made, might be corrected and reformed, in order that the *supersedeas* might conform to the intention and agreement of the parties when the same was executed. The appellees answered the bill, alleging that the entire subject-matter thereof, was *res adjudicata* by the decision of the Court of Appeals in the case of *Bowes vs. Isaacs, et al.,* (33 *Md.*, 535;) they also demurred to the bill. Pending

these proceedings, the supersedeas judgment was, by order of the Court of Appeals, stricken out in the Superior Court. On the 17th of June, 1872, the Court, (PINKNEY, J.,) passed an order, dismissing the bill with costs. From this order the complainant appealed.

The cause was argued before STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*J. Alexander Preston* and *Henry Stockbridge*, for the appellant.

*John Henry Keene, Jr.*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

This is an application by bill in equity, to have corrected certain defects in a supersedeas judgment, which this Court has heretofore held to be void by reason of such defects. *Bowes vs. Isaacs*, 33 *Md.*, 535. The facts, by which the defects are made to appear, are fully stated in the report of the case on the former appeal, taken from the order of the Superior Court, refusing to strike out the supersedeas.

We have said that the clerk in taking the supersedeas, and approving the sufficiency of the sureties therein, did not so act as the clerk of the Court in which the original judgment was obtained as to be under its authority and control, as in the discharge of his ordinary duties as such; but he acted in taking and approving the supersedeas by virtue of a special power and authority conferred on him by the Code, Art. 18, sec. 23. And it was made to appear on the former appeal, as on the present, that the supersedeas was first signed in blank, and afterwards filled up by the clerk, and that he changed essential dates therein, out of the presence and without the authority of the parties signing the instrument; and

that the correct date for the expiration of the stay of execution was never inserted in the supersedeas at all. This, we said, was a disregard of the requirements of the law, and a practice that could not be sanctioned ; and we were clearly of opinion, upon the facts of the case, that the supersedeas, as it was not taken in conformity to law, should, therefore, have been stricken out or set aside on the motion made for that purpose.

Now, the question is, has a Court of Equity, in the exercise of its jurisdiction for the correction of mistakes, the power to make the supersedeas thus taken valid and effectual, notwithstanding it has been declared to be invalid, because not in conformity to law? We think not, and for obvious reasons.

In regard to the equitable jurisdiction to remedy or supply defective execution of powers, the authorities are uniform in recognizing a plain distinction between powers created by private persons and such as are created or prescribed by statute. For, while a Court of Equity may, in a proper case, relieve against the defective execution of a power of the former class, it cannot relieve against the defective execution of a power of the latter class, nor dispense with or supply any of the formalities required for its due and legal execution ; as, by so doing, equity might defeat the policy of the statute. In the case of statutable powers, therefore, equity must follow the law, no matter how meritorious the consideration may be ; for the legislature is not presumed to have reposed discretion in a Court of Equity to supply any of the circumstances or formalities made necessary to the valid execution of a special power or authority delegated by it. *Darlington vs. Pulteney, Cowp.,* 267 ; 2 *Chance on Pow.* 541 ; *Bright vs. Boyd,* 1 *Sto. Rep.,* 487 ; 1 *Sto. Eq. Jur., secs.* 96, 177.

As an instance of the application of the distinction just mentioned, the case of *McBryde vs. Wilkinson,* 29 *Ala.,* 662, may be referred to. That was a case where a

justice in taking the acknowledgment of a deed of husband and wife, by mistake or want of skill, failed to give in his certificate a sufficient reference to the particular deed intended to be acknowledged by the parties; and, upon a bill filed to correct the mistake of the justice, and to apply the words of reference contained in the certificate of acknowledgment to the particular deed intended, instead of another instrument on the same sheet of paper, it was held, that, as the application was, in substance and effect, to have the certificate aided and reformed, the principle that forbid a Court of Equity from supplying the defective execution of a power created by statute, applied, and that, consequently, the complainant was not entitled to relief. That case is very analagous to the present.

But the case before us is not distinguishable in principle from that of *Dilley vs. Shipley,* 4 *Gill,* 48. In that case, the magistrate, in entering the supersedeas on his docket, omitted to state the date of the confession, which was required, according to the formula prescribed by the statute; and, upon bill filed by the sureties in the supersedeas judgment to restrain execution thereon, on the sole ground of the mistake of the magistrate in not stating the date when the supersedeas was confessed, though stated that it was for twelve months, the proper period fixed by law, it was held that they were entitled to be relieved, and the supersedeas judgment was perpetually enjoined. This, clearly, would not have been done, if there had been any power in the Court to aid or supply the defect.

It seemed to be supposed that this Court had, in its opinion on the former appeal, given some intimation as to the availability of the remedy now invoked. But that is a misapprehension. It was simply said if there was any such mistake as could be corrected, a bill in equity was the only mode by which it could be accomplished. We did not say that a bill in equity would lie for the

purpose, nor give any intimation that could reasonably lead to that conclusion. The case is no doubt a hard one on the complainant, and we regret that there is not power to relieve him, but, under the law, we cannot do otherwise than affirm the order of the Court below.

*Decree affirmed.*

(Decided 2nd July, 1873.)