## J. EVERETT DEAN *vs.* STATE OF MARYLAND.

*Violation of Statute Prohibiting Possession of Unmerchantable Oysters— Culling Part of Cargo—Sentence Imposing Fine and. Committing to Jail Till Fine be Paid.*

The Act of 1900, ch. 380, provides that any person who shall have in his possession oysters of which more than five per cent shall be below the size designated as merchantable shall be fined $25 and also an additional sum per bushel for the entire cargo, and in ascertaining the percentage of unmerchantable oysters the inspector is authorized to select. such amount of oysters as he may think proper and require the same to be culled.   Upon an indictment for violation of this statute the defendant admitted that he had in his possession a certain number of bushels of oysters of which eleven per cent were unmerchantable because too small   The jury rendered a general verdict of guilty, and the judgment was that the defendant pay a fine of $52 and stand committed until paid.   *Held,*

1st. That it was not necessary to cull the whole of defendant's cargo in order to ascertain the extent to which he had violated the law.

2nd. That it was not necessary for the jury to find in their verdict the quantity of defendant's cargo nor the proportion of unmerchantable oysters it contained, for the amount of the fine to be imposed was determined by the Court from the evidence in the case and the admissions of the defendant.

*Held,* further, that although the statute imposes only a money fine as a penalty the Court had authority to sentence the defendant to stand committed until the fine be paid, because Code, Art. 38, sec. 1, provides that whenever anyone shall be sentenced to pay the fine prescribed for the violation of a statute and makes default in the payment thereof he shall be committed to jail until thence discharged in the manner described in said article.

When a statute provides that a party found guilty of a violation of it shall pay a pecuniary fine, a judgment sentencing such party to stand committed until the fine be paid will be construed in connection with Code, Art. 38, which prescribes the length of time a party shall remain in custody for non-payment of a fine or penalty.

Appeal from the Circuit Court for Dorchester County (HOLLAND and LLOYD, JJ.)

The cause was submitted to this Court on briefs by:

*Phillips L. Goldsborough* and *Frederick H. Fletcher,* for the appellant.

*Isidor Rayner, Attorney-General,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Dorchester County.

The defendant was indicted and found guilty of having in his possession oysters contrary to certain provisions of the Oyster Law of this State, ch. 380 of the Acts of 1900. The judgment of the Court below was that the defendant should pay a fine of fifty-two dollars and stand committed until fine and costs are paid; whereupon he took an appeal to this Court.

There are two questions presented by this record, one arising under the demurrer to the special plea, and the other on a motion in arrest of judgment.

1. The special plea alleged that the oysters in the defendant's possession mentioned in the indictment, were upon a certain schooner of which he was the captain, the said schooner being a buy boat; that only two and one-half bushels of the said oysters, so in his possession, were culled by the officers who arrested him or by any one else, and that the whole cargo on said boat has never been culled, further than as to the two and one-half bushels above mentioned.

The State demurred to this plea, upon the theory that the law does not require the whole cargo to be culled. Thus it is provided by sec. 8 "Any person who shall have oysters in his possession which contain more than five per cent of shells and oysters less than two and one-half inches from hinge to mouth, which for the purpose of this article are declared to be unmerchantable oysters, shall be guilty of a misdemeanor, and in ascertaining such percentage the officers of the oyster police force and the measurers and inspectors, are hereby authorized and directed to select *such amount* of oysters from any pile, hole or bin, house or other place as he may think proper, and to require the same to be culled and disposed of as provided in section 9 of this article.      *    *    *    *

It is apparent, therefore, that under the foregoing section the officer who is required to do the culling, is authorized, in order to ascertain the percentage of unmerchantable oysters in the cargo to select therefrom any number of bushels he may think proper. In other words so far from being required to cull the whole cargo, the officer may cull any portion of it to determine the extent to which the law has been violated. The record however, discloses the fact that in this particular case the defendant waived all right to cull the whole cargo and admitted that he had in his possession 225 bushels of oysters and that they will average throughout, as a cargo, eleven per cent unmerchantable oysters.

2. The grounds of the motion in arrest are, first, that the verdict was so vague, ambiguous and uncertain that it could not be properly made the basis of a sentence or judgment, and, secondly, that the offense of which the defendant was

convicted was a statutory misdemeanor unknown to common law and that, therefore, no other penalty can be imposed save that which is specifically provided.

We do not think there is force in the first objection even if we could consider it under the motion. The verdict of the jury was "guilty." In this contingency the law provides that a fine of twenty-five dollars shall be imposed, and in addition to that the sum of six cents per bushel for the entire cargo, and a further fine of one additional cent per bushel for each additional one per cent of unmerchantable oysters. There is no provision of the oyster law by which the jury is required to find the quantity of the cargo, nor the amount of unmerchantable oysters it contains. Nor was it at all necessary that the jury should so find, for the Court imposes the fine, and in so doing was guided by the evidence and the clear admissions of the defendant.

The second ground on which the motion in arrest is based is that the statute imposes only a money fine as a penalty, and that therefore, the Court had no authority to sentence the defendant "to stand committed until fine and costs are paid." Inasmuch as the offense here is statutory and the general law of the State imposes the penalty, it is not necessary to ascertain the practice at common law. But it may be noticed that the authorities do not seem to be uniform, for while it is said in 8 *Ency. Pl. & Prac.*, 961, that the usual form of the judgment at common law to enforce the payment of a fine, is "that the defendant stand committed until the fine is paid," and that this form is proper in the United States in the absence of statutory provisions which make another form necessary, yet in 1 *Bishop New Crim. Procedure*, sec. 1307, the contrary view is expressed, where the learned author says that "alternative sentences," as to pay a fine and in default thereof to be imprisoned, are not good at common law, but that in some of the States such sentences are authorized by statute.

We have already seen that the Oyster Law under which this prosecution was instituted provides for a money fine, but does not impose any further penalty, such as imprisonment in

default of payment.  It is, however, provided by section 1 of Art. 38, *Fines and Forfeitures*, that whenever any fine or penalty is imposed by any Act of Assembly of this State for doing any act forbidden by any such Act of Assembly, the doing of such act shall be deemed a criminal offense, and that if any person shall be adjudged guilty of such offense  *  *  *  he shall be sentenced to the fine or penalty prescribed by such Act of Assembly  *  *  and to the costs of his prosecution; and in default of payment thereof he shall be *committed to jail until* thence discharged by due course of law.  The "due course" of law prescribed by this same statute in section 3 is that if the fine and costs exceed fifty and do not exceed one hundred and fifty dollars the defendant shall be discharged after he shall have remained in custody for the space of sixty days.  The form of that part of the judgment committing defendant is in accordance with the usual practice in this State in such cases, and although the traverser is thereby committed until the fine and costs are paid, yet the provisions of sec. 3 of Art. 38 will be read into the sentence imposed and if he fails to pay the fine, he will be released when he shall have remained in custody sixty days.

*Judgment affirmed.*

(Decided December 3rd, 1903.)