HERBERT BACKUS vs. STATE OF MARYLAND.

*Supersedeas of judgments in civil actions only: form of—.*
*Recognizance.*

A party convicted of crime and sentenced to pay a fine and costs, signed with two others; the following entry on the Court Docket:

"Aug. 15, 1911. Fine and costs superseded by us for six months. Witness our hands and seals this 15th day of August, 1911."

He was permitted to go at large and was never apprehended; the fine or costs not being paid, a *fieri facias* was issued upon this attempted *supersedeas;* on appeal from an order of Court overruling a motion to quash, *it was held* that the contract was a nullity; that the clerk had no right to take it, and that it did not supersede or affect the execution of the sentence, and was not a judgment upon which an execution could issue.                                            p. 538

The writing in this case does not follow the form prescribed in sec. 56 of Art. 52 of the Code (1912) and would be void even in a civil suit.                                    p. 542

A recognizance is an obligation of record, and when forfeiture is declared and entered by the Court, it becomes a judgment and is then like an ordinary judgment enforceable by execution.                                            p. 540

The clerks of the Circuit Courts of the several counties and the clerks of the Courts of Baltimore City (except the Criminal Court), have the power, under sec. 28 of Art. 17 of the Code (1912) to take *supersedeas* of judgments and decrees in their respective Courts; and such a *supersedeas* so taken has the same effect as if taken by a justice of the peace; such a supersedeas is itself a judgment upon which execution may issue and operates to stay the execution of the original judgment for six months thereafter.                    p. 540

The right to a *supersedeas* is confined to judgments and decrees in civil actions only.                                    p. 541

In taking a *supersedeas* the form contained in the Code 1912, Art. 52, sec. 56, should be followed.                         p. 542

*Decided November 13th, 1912.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Lewis Hochheimer* (with whom was *Joseph W. Clisham* on the brief), for the appellant.

*Edgar Allan Poe, the Attorney-General,* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

The facts contained in this record are simple and undisputed. On May 24th, 1911, Herbert Backus was indicted by the Grand Jury of Baltimore County for the statutory crime of gambling. He pleaded guilty to the charge and was sentenced by the Court to pay a fine of two hundred dollars and costs. This sentence was imposed on the 15th day of August, 1911, and on the following day Backus went before the clerk of the Court accompanied by John E. O'Connor and Julia O'Connor, and each signed the following paper, presumably written upon the docket containing the record of the case and the sentence of the Court:

"Aug. 16, 1911. Fine and costs superseded by us for six months. Witness our hands and seals this 15th day of August, 1911.

HERBERT BACKUS      (Seal).<br>
JOHN E. O'CONNOR    (Seal).<br>
JULIA O'CONNOR      (Seal).

Witness:

THOMAS R. JENIFER.

After this paper had been signed, Backus was permitted to go at large. He has never since been apprehended, and has not paid the fine and costs imposed upon him.

In December, 1911, a writ of *fieri facias* was issued upon this so-called "supersedeas," and was levied upon certain described property of John E. and Julia O'Connor. Thereafter John E. O'Connor filed a motion to quash the writ and for such other relief as might be proper in the premises. The appeal before us is from the order of the lower Court overruling this motion.

We are of opinion that the writ should have been quashed, for the reason that the paper we have transcribed is a mere nullity. The clerk had no authority to take it, and it did not supersede or affect in the slightest degree the execution of the sentence of the Court, and is not such a judgment upon which an execution may be issued.

Under Art. 38, sec. 1, Code 1912, Backus in default of payment of the fine and costs imposed upon him should have been committed to jail until the fine and costs were paid; and, as the fine and costs exceeded one hundred and fifty dollars and did not exceed five hundred dollars, he should have remained in custody for the space of ninety days as provided by sec. 3, Art. 38, of the Code.

The sentence imposed upon Backus could have been stayed; first, by a new trial granted by the Courts; and, secondly, by an appeal taken in conformity to Art. 5, sec. 80, of the Code of 1912. That section provides that "no appeal in a criminal case shall stay execution of sentence unless the counsel for the accused shall make oath that the appeal is not taken for delay; and such appeal shall be heard at the earliest convenient day after the same shall have been transmitted to the Court of Appeals; and the accused, upon taking such appeal, shall, in all cases not punishable by death, or imprisonment in the penitentiary, be entitled to remain on bail, and in other cases not capital the Court from which the appeal is taken shall have the discretionary power to

admit to bail; provided nothing herein contained shall be construed to prohibit the Court from requiring additional or greater bail, pending an appeal, then the accused may already have given before conviction."

The appellee relies upon sec. 40, Art. 87 of the Code (1912) to sustain the order appealed from. Sec. 39 of that Article declares that the sheriff shall be answerable for all fines, penalties and forfeitures imposed on the inhabitants of his county or of Baltimore City by any Court of Record of this State unless he can show that the party on whom the same was imposed is insolvent.

By sec. 40 of Art. 87, it is provided that the sheriff "may require the State's Attorney to issue an execution for all fines, penalties or forfeitures so imposed and the costs; provided that any person adjudged to pay a fine or penalty may enter into a recognizance with security for the payment of the same and costs within sixty days, and no execution shall issue for the same until the expiration of sixty days."

This section is a codification of the Acts of 1795, Chapter 74, as amended by the Acts of 1828, Chapter 11. The first named Act was passed, but as its preamble recited, to remove the doubts which then existed whether a writ of *capias ad satisfaciendum* could be issued for the recovery of any fine, penalty or forfeiture. By the latter Act the person upon whom any fine had been imposed was authorized to give security in the usual manner for the payment of the same and costs, and when such security had been given no execution could lawfully be issued until the expiration of sixty days from the date upon which such security had been given.

Assuming, without so deciding, that a recognizance taken in conformity to section 40, Article 87 would stay the execution of *sentence* as well as *execution* on the judgment, that section cannot be invoked to sustain the order appealed from; first, because no recognizance was given as provided by that section; and secondly, no execution could be issued on such a recognizance, had one been given, until the recognizance had been properly forfeited. "A recognizance is an obligation of

record, and when forfeiture is declared and entered by the Court it becomes a judgment. It is then like an ordinary judgment enforceable by execution." *Schultze* v. *State,* 43 Md. 295. It is obvious that the clerk acted under what he supposed to be the authority conferred upon him by section 28, Article 17 of the Code. That section provides that: "The clerks of the Circuit Courts of the several counties, of the Superior Court of Baltimore City, the clerk of the Court of Common Pleas, the Baltimore City Court, and the Circuit Court and the Circuit Court No. 2 of Baltimore City shall have the power and jurisdiction to take *supersedeas* of judgments and decrees in their respective Courts, as a justice of the peace in the counties has by law; and the supersedeas so taken shall have the same effect as if taken by a justice of the peace."

A *supersedeas* properly taken by the clerk under this section is in itself a judgment upon which an execution may issue, and it operates to stay the execution of the original judgment for six months thereafter. The power and jurisdiction conferred upon justices of the peace to take *supersedeas* of judgments and decrees are found in section 56, Article 52 of the Code. The form of the *supersedeas* is therein given, and the judgment is confessed in favor of the plaintiff in the original judgment. Section 58 of Article 52 provides that when a judgment has been confessed in the Circuit Court at the second term thereof with stay of execution until the next term, the stay of execution by *supersedeas* on such judgment shall be computed from the first Thursday of the term next ensuing the said second term; and when the judgment of the justice of the peace is superseded, the stay of execution shall be computed from the date of the judgment and not from the date of the *supersedeas*. Administrators are also given the right to supersede judgments rendered against them. No power is conferred upon the clerk of the Criminal Court of Baltimore City to take *supersedeas* of a judgment rendered in that Court. On the contrary that Court is omitted in the enumeration of the Courts whose

judgments may be superseded. This circumstance, taken in connection with the language employed in the legislation upon the subject, indicates an intention on the part of the Legislature to confine the right of *supersedeas* to judgments and decrees recovered in civil actions. This conclusion is strengthened by an examination of the Act of 1791, Chapter 67 for regulating the mode of staying an execution upon a judgment or decree. The form of the *supersedeas* there given indicates clearly that the Legislature did not intend it to apply to a judgment in criminal cases.

But if it be admitted that sec. 28 of Art. 17 of the Code (1904) is applicable to judgments in criminal cases the *fi. fa.* should have been quashed, because the *supersedeas* upon which it was issued is utterly invalid. It is invalid because it disregards the substantial requirements of the statute. In *Bowes* v. *Isaacs,* 33 Md. 535, the record showed that a judgment had been recovered in the Superior Court of Baltimore City against Judson H. Smith, which, as the docket entries showed, had been superseded by a *supersedeas,* filed on the 15th of January, 1869, with John Bowes and Andrew B. Wise "sureties, *due July 15th,* 1869." The form of the *supersedeas,* as it appeared in the record, showed that the sureties on the 15th of January, 1869, appeared before the clerk, and confessed a judgment in the usual way to be levied of their goods, chattels, etc., in case the defendant, Smith, did not pay the original judgment *"on the 7th of July next,"* and the *supersedeas* was signed by the sureties and attested as taken and subscribed before the clerk. It appeared by the evidence and the admission of facts that the superseding defendants appeared before the clerk and were informed that the *supersedeas* would be *for six months from the date of superseding* the same, and the usual terms of the confession of judgment as prescribed by the Code were repeated to them in which *the dates were correctly stated,* and they signed the *blank form* as is customarily done at the clerk's desk, he making the correct docket entry at the time. But in

filling up the blank, signed by them, he inadvertently wrote *June* instead of *July,* and on discovering his mistake changed the last two letters *ne* to *ly*. This *supersedeas* was held to be invalid and that it should have been stricken out by the lower Court. After discussing the provisions of the law relating to *supersedeas,* and holding that the clerk in taking the *supersedeas* acts by virtue of special power and authority conferred upon him by law, JUDGE MILLER, speaking for the Court said: "We are clearly of opinion, upon the facts stated by the learned judge in his opinion, that this *supersedeas* was not taken in conformity with law, and should, therefore, have been stricken out on the appellant's motion. The path of duty and the mode of procedure is so plainly pointed out by the law that there can be little excuse for erring therein. The clerk must first be satisfied of the sufficiency of the superseders as provided in Art. 18, s. 24 (Code 1860), and then fill up with the proper dates and amounts, and names of parties, a blank form of confession prescribed by the Code (1860), Art. 51, s. 45, or one similar in substance and meaning, and read it over to the parties, who, if they consent thereto must sign it, or if they cannot write make their mark, attested by himself. This is a very simple procedure, and when done the *supersedeas* is perfect to operate for the purpose for which the law designed it, and it cannot afterwards be mutilated or corrected out of the presence, and without the assent of the parties who signed it, either by the clerk or anyone else." An inspection of the writing which we have transcribed and which is called in the record *a supersedeas,* when tested by these rules, shows that it would have been invalid had it been taken in a civil case. In taking a *supersedeas* the safe course for the clerk to pursue is to follow the simple form contained in s. 56 of Art. 52 of the Code (1912). In *Smith* v. *Bowes,* 38 Md. 463, in referring to the case of *Bowes* v. *Isaacs, supra,* JUDGE ALVEY said: "That the Court in that case held the *supersedeas* to

be void, and that it should have been stricken out and set aside on the motion made for that purpose.

For the reasons we have stated, the order of the lower Court must be reversed.

> *Order reversed and case remanded that an order may be passed in conformity with this opinion.*