# ANTHONY MOLINARI

## *vs.*

# STATE OF MARYLAND.

*Intoxicating Liquors—Local Statute—Effect of Prohibition Amendment.*

Acts 1894, Ch. 140, regulatory of sales of intoxicating liquors in Allegany County, was not abrogated, as to sales for either beverage or non-beverage purposes, by the Eighteenth Amendment to the United States Constitution or the Act of Congress known as the Volstead Act.

*Decided July 18th, 1922.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Criminal proceeding against Anthony Molinari. From a judgment of conviction, said defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, ADKINS, and OFFUTT, JJ.

*Arch. A. Young* and *Clarence Lippel,* with whom was *Carl G. Mullen* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Fuller Barnard, State's Attorney for Allegany County,* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

Anthony Molinari, the appellant, was indicted on January 6th, 1922, by the grand jury of Allegany County, for selling, on or about November 15th, 1921, "a certain quantity of intoxicating, spirituous and fermented liquors to Harry Morris and to other persons to the jurors unknown, the said Anthony Molinari then and there not having a license, under the provisions of chapter 140 of the Acts of the General Assembly of Maryland, passed in the year 1894, and the

amendments thereto, to sell intoxicating, spirituous and fermented liquors in Allegany County, aforesaid; contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State."

A demurrer to the indictment was overruled; whereupon he filed special pleas, which aver in substance that, even if the defendant did make the sale of intoxicating liquors, as set forth in the indictment, such sale does not constitute an offense under any valid law of the State; that said sale was not made for medicinal or non-beverage purposes, but was made for the purpose of being drunk and consumed as a beverage; "that such sale is not a violation of the acts referred to because said acts pertain to the license and unlawful sale of intoxicating liquors for beverage purposes" and such sale came "within the prohibition contained in said Constitutional Amendment (Eighteenth Amendment) and said Act of Congress (the Volstead Act), and that both said Constitutional Amendment and said Act of Congress constitute a repeal and abrogation or a suspension of the aforesaid laws of the State of Maryland, known as chapter 140 of the Acts of 1894 and all amendments thereto."

A demurrer to these pleas was sustained; whereupon traverser pleaded "not guilty," was tried by the court and convicted. From which conviction this appeal was taken.

The provisions of the local law of Allegany County above referred to are in many respects like those of the law of Pennsylvania, known as the Brooks Law, and the character and purposes of both are practically identical. Both are primarily regulatory laws, the revenue features being incidental. Both cover spirituous and fermented liquors, whether intoxicating or non-intoxicating.

It has been held recently by both the Supreme Court of Pennsylvania (in *Vigliotti* v. *Commonwealth,* 271 Pa. 10) and by the Supreme Court of the United States (258 U. S. 403, affirming the Pennsylvania court, on appeal), that the

Brooks Law was not abrogated by the 18th Amendment and the Volstead Act; and no distinction is made by either court between sales for beverage and sales for non-beverage purposes.

The Pennsylvania court said: "The Brooks Law survives as Pennsylvania's own police power method of officially listing and adequately controlling the customary source of general supply and distribution to the peoples within her borders of those kinds of liquors among which intoxicating beverages are usually found and she may thus assist in prohibiting their illegal use as such; although, of course, not intended for that specific purpose, the statute is adapted to serve as an instrument with which to perform, at least in part, this State's right and obligation to enforce 'by appropriate legislation,' the Eighteenth Amendment."

And JUSTICE BRANDEIS, in the U. S. Supreme Court's opinion, after quoting in part the above quoted expression of the Pennsylvania court, adds: "The Brooks Law as thus construed does not purport to authorize or sanction anything which the Eighteenth Amendment or the Volstead Act prohibits. And there is nothing in it which conflicts with any provisions of either. It is merely an additional instrument which the State supplies in the effort to make prohibition effective. That the State may by appropriate legislation exercise its police power to that end was expressly provided in section 2 of the amendment, which declares that 'Congress and the several states shall have concurrent power to enforce this article by appropriate legislation.' *National Prohibition Cases*, 253 U. S. 350, 387. That the Brooks Law as construed is appropriate legislation is likewise clear. To prohibit every sale of spirituous liquors except by licensed persons may certainly aid in preventing sales for beverage purposes of liquor containing as much as one-half of one per cent. of alcohol; and that is what the Volstead Act prohibits. If the Brooks Law, as construed, had been enacted the day after the adoption of the amendment it would obviously have

been 'appropriate legislation.' It is not less so because it was already in existence."

In view of our own recent decision in *Ulman* v. *State,* 137 Md. 642, it was hardly necessary to cite cases from other jurisdictions. We have done so only to show that, as to the question at issue, we are in entire harmony with the highest court in the land.

The *Ulman case, supra,* is conclusive of the present appeal. We there held that the liquor license law of Baltimore City "has not been abrogated so far as it prohibits in Baltimore City the sale of intoxicating liquor without a license, regardless of the purpose for which the liquor is sold." The only difference between that case and this is, in the former the special plea averred that the sale was for "non-beverage purposes, to wit, for medicinal purposes"; while in the present case the special plea is, that "the sale was not made for non-beverage purposes but was made for the purpose of being drunk and consumed as a beverage."

The theory of appellant seems to be that because no license can be issued which would authorize the violation of the federal law, the liquor law of Allegany County is no longer operative. That law is still operative for all purposes contemplated by it which are not prohibited by the Federal Constitution or statutes.

Besides the local law in question is primarily for regulative, and only incidentally for revenue purposes, and, consequently, its prohibitive features would still be in force even if licenses could no longer be issued.

We said in the *Ulman case,* referring to the Baltimore City license law, "the inhibition being against *any sale* without a license, *all sales* are covered, both those permitted and those prohibited by the Eighteenth Amendment." That applies as well to the Allegany County law, under which appellant was indicted.

Finding no error in the rulings on the demurrers, the judgment will be affirmed.

*Judgment affirmed, appellant to pay the costs.*