# PETER WEISENGOFF

## *vs.*

## STATE OF MARYLAND.

*Intoxicating Liquors—Local Statute—Eighteenth Amendment.*

Acts 1904, ch. 140, forbidding the sale in Allegany County, without a license, of intoxicating, spirituous or fermented liquor, was not abrogated by the Eighteenth Amendment to the United States Constitution or by the Volstead Act.

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Criminal proceeding against Peter Weisengoff. From a judgment of conviction, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Saul Praeger* and *Joseph N. Ulman,* with whom were *G. Tyler Smith* and *Knapp, Ulman & Tucker* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Fuller Barnard, Jr., State's Attorney for Allegany County,* on the brief, for the State.

OFFUTT, J., delivered the opinion of the Court.

Peter Weisengoff was indicted on January 4th, 1923, by the grand jury of the Circuit Court for Allegany County, for the unlawful sale of intoxicating liquor in that county on September 28th, 1922. The indictment contains two

counts, in the first of which the charge is set out in the following words: "That Peter Weisengoff, late of Allegany County aforesaid, on or about the 28th day of September, in the year of our Lord nineteen hundred and twenty-two, at Allegany County aforesaid, unlawfully did sell a certain quantity of intoxicating, spirituous and fermented liquors, unto a certain Janthan Paul, him, the said Peter Weisengoff, then and there not having a license under the provisions of chapter 140 of the Acts of the General Assembly of Maryland, passed in the year 1894, and the amendments thereto, to sell intoxicating, spirituous and fermented liquors in Allegany County aforesaid," while in the second count it was charged: "That Peter Weisengoff, late of Allegany County aforesaid, on or about the 28th day of September, in the year of our Lord nineteen hundred and twenty-two, at Allegany County aforesaid, unlawfully did sell a certain quantity of intoxicating, spirtuous and fermented liquors unto a certain Janthan Paul and to divers other persons to the jurors unknown; him, the said Peter Weisengoff, then and there not having a license under the provisions of chapter 140 of the Acts of the General Assembly of Maryland, passed in the year 1894, and the amendments thereto, to sell intoxicating, spirituous and fermented liquors in Allegany County aforesaid."

A demurrer to that indictment having been overruled, the defendant filed two special pleas, which in effect say that the sale charged was for beverage purposes and not in violation of chapter 140 of the Acts of 1894, and not unlawful, because no license could have been obtained under that act, and that the act itself has been abrogated and repealed by the Volstead Act and the Eighteenth Amendment to the Federal Constitution. Demurrers interposed to these pleas were sustained, and the general issue plea was then filed. The defendant, on the issue thus tendered, was tried before a jury, convicted of the offense charged, and sentenced to pay a fine of $500 and to be confined in the Maryland House of Correction for eight months. From that judgment this appeal was taken.

The only question raised by the appeal is whether local liquor laws, such as chapter 140 of the Acts of 1894, were abrogated or repealed by the Volstead act and the Eighteenth Amendment of the Federal Constitution. We held in the case of *Molinari* v. *State,* 141 Md. 565, that such laws were not affected by the adoption of the Eighteenth Amendment or by the enactment of the Volstead act, but that, notwithstanding that amendment and that statute, such local laws, in so far as they prohibited the sale of intoxicating liquors for beverage purposes, retain and still possess their original force and vigor undiminished and unimpaired.

We are asked now in this case to change that conclusion for the reason that the Court in that case rested its decision upon the decision of the Supreme Court of the United States in the *Vigliotti* case, whereas, by a proper construction of it, that case really offered no support for the conclusion reached in the *Molinari* case, but was if anything rather opposed to it. The contention that the Court misconstrued the *Vigliotti* case is based on the presumption that the Brooks Law, under consideration in that case, was prohibitory and therefore consistent with the federal law, and valid, while the act under consideration here is regulatory and therefore inconsistent with the federal law and void.

This case could be rested upon the *Molinari* case, *supra,* because the very act involved here was before the Court in that case, and the very criticisms which are now leveled at that case were fully considered by this Court before it was decided.

The entire argument in this case turns upon the fact that JUDGE ADKINS, who delivered the opinion in the *Molinari* case, described the Brooks law, a Pennsylvania statute construed in the *Vigliotti* case, *supra,* as a "regulatory" law, while the Court in the *Vigliotti* case described it as prohibitory. But the question before us is not whether the phrases respectively used in those two cases to describe the Brooks law were adequate for that purpose, but whether the Brooks

law, however it may have been described, is in substance and purpose similar to the statute involved in this case. For if it is, then obviously the *Molinari* case was properly decided, and must control this case, which depends upon the statute construed in that case. The fact that the Court in the *Vigliotti* case described the Brooks law as prohibitory, while in the *Molinari* case it was described as regulatory, does not mean that there is any inconsistency in the two decisions, because both laws prohibited the sale of intoxicating liquor in the absence of a license for such sale, and were to that extent prohibitory, and both permitted and regulated such sales if a license were issued therefor and were to that extent regulatory.

And an inspection of the two statutes demonstrates their essential similarity. The Brooks law, in its title, is described as, "An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixtures thereof," while chapter 140 of the Acts of 1894 is in its title described as an act "to regulate the sale of spirituous and fermented liquors in Allegany County." The Brooks law, as does the Allegany County act, prohibited the sale of any spirituous or fermented liquors without a license, but permitted such sales if a license were obtained. In construing the Brooks law the Supreme Court of Pennsylvania said: "At least this suggestion is warranted, not only by the significant absence from the act of the term 'intoxicating liquors,' in connection with the license system there ordained (such term or an equivalent being rather generally used in the earlier Pennsylvania liquor laws), but also by the whole structure of the statute; for it is so drawn that, by the elimination, through subsequent legislation or otherwise, of the possibility of intoxicating liquors being sold thereunder, its terms would admirably suit the control of the business of dealing in those kinds of liquors which most readily may become of the intoxicating class or those liquors under the guise of which intoxicating beverages can be most easily

trafficked in. This course—that is, a well-regulated license system, to govern the general supply and distribution of all liquors of the character just described—in the view of many thoughtful people is considered one of the very best aids to efficient control, and, through such control, actual enforcement of practical prohibition. In this connection, witness the series of amendments made to the Brooks law by our last Legislature, which still retain the license plan." And this Court in the *Molinari* case said, referring to these two statutes: "Both are primarily regulatory laws, the revenue features being incidental. Both cover spirituous and fermented liquors, whether intoxicating or non-intoxicating." The word "regulatory" as used in this quotation is used to differentiate the purpose of the act from that of a measure primarily designed for revenue purposes, just as in the *Vigliotti* case the word "prohibit" is used, not in reference to complete and absolute prohibition, but only to the prohibition of sales of intoxicating liquors except by licensed persons.

There are numerous minor variances in the machinery provided respectively by the two acts for carrying out their purposes, but the purposes of both are identical.

Under both statutes the sale of intoxicating liquor may be a legitimate business or it may be a crime. Both contemplate the issuance of licenses for the sale of such liquors, and both forbid such sales without a license therefor, and both regulate such sales when made under licenses. That is, in all their principal and essential elements the two acts are identical. To say therefore that, because they are differently phrased, or because there are variances in their respective provisions for carrying out and effecting their respective purposes, that their purposes are different, would be to exalt form above substance, and to promulgate a technical and over-refined rule of construction which would give less weight to intent than to phraseology.

It is also contended that the Allegany County act does not cover the sale of fermented or spirituous liquors which are

not intoxicating, but it was expressly decided in the *Molinari* case, *supra,* that it does cover such sales, and indeed any other conclusion would ignore the plain language of the statute, which in terms forbids the sale of spirituous or fermented as well as intoxicating liquor.   Under such circumstances, the language of the Court in the *Vigliotti* case, *supra,* that "to prohibit every sale of spirituous liquors except by licensed persons may certainly aid in preventing sales for beverage purposes of liquor containing as much as one-half of one per cent. of alcohol; and that is what the Volstead act prohibits," is peculiarly appropriate, and the decision in that case, and in the *Molinari* case, *supra,* must be regarded as controlling in this.

For the reasons stated the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*