## · EDWARD CALLAHAN *v.* STATE OF MARYLAND.
### [No. 10, October Term, 1932.]

*Decided October 20th, 1932.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Michael F. Freedman,* for the appellant.

*William Preston Lane, Jr., Attorney General, G. C. A. Anderson, Assistant Attorney General,* and *A. Theodore Brady, State's Attorney for Anne Arundel County,* submitting on brief, for the State.

Parke, J., delivered the opinion of the Court.

The traverser was under indictment for an alleged violation of the local law which made it unlawful to sell, or to have in possession with the intent unlawfully to sell, intoxicating liquor within Anne Arundel County, without first having taken out a license. Section 184A of chapter 568 of the Acts of 1890, codified as article 2, sec. 34 (page 362) of the Code of Public Local Laws of Maryland (Flack's Ed. 1930); *Molinari v. State,* 141 Md. 565, 119 A. 291; *Weisengoff v. State,* 143 Md. 638, 123 A. 107. He was tried, convicted, and sentenced, and he has appealed because of two alleged errors. The first is said to have been made when the court refused to exclude from evidence the seizure of several bottles of intoxicating liquor in traverser's automobile at the time of his arrest by federal officers. One of the officers, on information that illicit sales of intoxicating liquor were being made, ordered rum by telephone of the person who so held himself out as having it for sale, and requested that it be

delivered at a designated hotel in Annapolis. The seller appeared at the appointed place and time. After the officer had satisfactorily identified himself by giving a fictitious description of the personal appearance of the party in whose name the beverage had been ordered, the traverser said he had brought three quarts of Bicardy rum, gave the selling price, stated the liquor was in his automobile, and that he would either bring it in or, preferably, deliver it at the automobile. Accordingly, the two went out of the hotel, where they had met, to the parked automobile. As the traverser bent over to get the rum, which the officer saw was on the seat in a brown paper bag, the traverser was placed under arrest. The bag was then taken from the automobile by the officer and opened by him in the hotel, and the promised three quarts were in the bag.

The sale of intoxicating liquor was not only an offense under the federal statute, but it was also a misdemeanor under the local statute in force in Anne Arundel County. The traverser contends that, on the given facts, there was an illegal search and seizure, and so the evidence obtained is not admissible because the Bouse Act, section 4A of article 35 of the Code of Public General Laws of Maryland (Supp. 1929), provides: "No evidence in the trial of misdemeanors shall be deemed admissible where the same shall have been procured by, through, or in consequence of any illegal search or seizure or of any search and seizure prohibited by the Declaration of Rights of this State."

The provisions of the statute here invoked have no application. By the traverser's acts and professions to the officer, he was at the time of his arrest engaged in the commission of what was at once a crime under the federal law and the local statute. His offense was therefore against both the sovereignty of the United States and that of the State of Maryland, and concerned a subject-matter which, in consummation of his crimes, he was about to deliver to the officer when his hand was stayed by the arrest. The traverser was taken *in flagrante delicto,* and his apprehension and the confiscation of the intoxicant were but the proper

discharge of an official duty. No constitutional right nor immunity was violated. If a misdemeanor be committed in the presence of an officer who is charged with the enforcement of the law, he is authorized, without warrant, to arrest the offender (*Heyward v. State,* 161 Md. 685, 692, 158 A. 897; *Mitchell v. Lemon,* 34 Md. 176, 180, 181; *Roddy v. Finnegan,* 43 Md. 490, 504, 505; see *Balto. & O. R. Co. v. Cain,* 81 Md. 87, 31 A. 801; *Brish v. Carter,* 98 Md. 445, 57 A. 210; *Cornelius on Search and Seizure,* secs. 25, 27-30) and then, as an incident of the arrest, to search his person, and to seize and search the immediate and present evidence and instrument of his crime. *Blager v. Maryland,* 162 Md. 664, 161 A. 1; *Heyward v. State,* 161 Md. 685, 691-695, 158 A. 897; *Lawrence v. State,* 103 Md. 17, 37, 63 A. 96; 1 *Bishop on Crim. Proc.,* secs. 183, 211; *Wharton, Crim. Pl. & Pr.* (10th Ed.), sec. 97; *McFadden on Prohibition,* secs. 28, 32; *Cornelius on Search and Seizure, secs.* 26, 36, 37, 49, at page 182; *Husty v. United States,* 282 U. S. 694, 700, 51 S. Ct. 240, 75 L. Ed. 629; *Carroll v. United States,* 267 U. S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543; 39 *A. L. R.* 790. See *Gorman v. State,* 161 Md. 700, 158 A. 903; *Baum v. State,* 163 Md. 153, 161 A. 244. Where circumstances make an arrest lawful, though without a warrant, the safe and sure enforcement of the law permits, as an incident of his arrest, that the prisoner not only be disarmed by search, but that the tangible evidence or instrument of the crime, whether upon his person or within his use and immediate possession, shall be discovered and taken in custody and examined.

It has been argued, in support of the motion to suppress the evidence of the prosecution, that the traverser was induced by the officers, who made the arrest, to violate the law in order that a prosecution would result. There was, however, no testimony of an entrapment within the rule adopted in some jurisdictions, since there existed reasonable suspicion on the part of the officers that the party was engaged in the unlawful sale of intoxicating liquor at the time it was ordered. *Cornelius on Search and Seizure,* sec. 39. It is not

objectionable for an officer of the law to lay a trap or unite with others to detect an offender. The only effect would be to justify a more careful scrutiny of the evidence. Where the crime is not against the person nor the property of the instigator, it is not clear how, in the absence of special circumstances, the commission of a crime at the solicitation or procurement of another, although an officer of the law, makes the culprit any less guilty than if the criminal design had originated with the wrongdoer himself, but this problem is not now before the court for determination, since the requisite circumstances to raise the question of an adoption of the rule by this court do not exist on this record. See chapter 59 of 1 *Bishop on Criminal Law* (9th Ed.); *Hummelshime v. State,* 125 Md. 563, 93 A. 990.

The second point raised is the judgment. The sentence was that the traverser should pay a fine of $900 and costs and be confined to the Maryland House of Correction for eleven months and thereafter be confined to the jail of Anne Arundel County until the fine and costs are paid. The statute for whose violation the traverser was convicted empowered the judge to impose a fine or imprisonment in the jail of Anne Arundel County or in the House of Correction or inflict both fine and imprisonment. The sentence of the court was within both the amount of the fine and the term and place of imprisonment. Flack's Code of Public Local Laws, art. 2, sec. 49, p. 367; Code, art. 27, sec. 700. The fact that the court directed that, after his period of confinement, the convict should be confined to jail until the fine and costs are paid, is not unusual, and does not invalidate the sentence in any way. The sentence is made certain and definite by fixing the place of confinement and the time when such confinement is to begin in the event there should be a failure to pay the fine and costs; and by section 3 of article 38 of the Code, which is read into the sentence as if there incorporated, and which prescribes the possible duration of the imprisonment for a failure to pay the fine and costs imposed to a period of six months. *Dean v. State,* 98 Md. 80, 84, 56 A. 481; *Rigor v. State,* 101 Md. 465, 469, 470,

61 A. 631; *Backus v. State,* 118 Md. 536, 538, 85 A. 501; *Mitchell v. State,* 82 Md. 527, 534, 34 A. 246; *Rex v. Woolf,* 2 B. & Ald. 609, 106 Eng. Reprint, 488; *Bishop on Crim. Proc.,* secs. 1301, 1306-1309.

Perceiving no ground for reversal, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*