RALPH HAYES *v.* STATE OF MARYLAND
[No. 21, October Term, 1936.]

*Decided November 18th, 1936.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, and SHEHAN, JJ.

*James A. McAllister*, with whom was *V. Calvin Trice* on the brief, for the appellant.

*Hilary W. Gans, Deputy Attorney General*, with whom were *Herbert R. O'Conor, Attorney General*, and *J. Gorman Hill, State's Attorney for Dorchester County*, on the brief, for the State.

SLOAN, J., delivered the opinion of the Court.

Ralph Hayes, the appellant, was indicted in Dorchester County on the charge in the first count of the indictment that he "did then and there unlawfully sell an alcoholic beverage, to wit: One pint of the same unto Thomas Jones for the price of sixty cents ($.60) current money of the United States, without a license as provided by Law," etc. On the second count he was charged with the possession for the purpose of sale and delivery of an alcoholic beverage. According to the docket entries, the defendant demanded that he be told what kind of alcoholic beverage he was charged with selling. The state's attorney replied, "Whisky." The defendant then demurred to each count. The demurrer was overruled as to the first count and sustained as to the second. He then elected to be tried by the court sitting as a jury, and from a judgment against him he appeals.

In *Green v. State*, 170 Md. 134, 183 A. 526, this court held that the General Law of 1933, Extra Session, ch. 2, had repealed the then existing Local Law for Dorchester County, Acts 1910, ch. 583, which forbade the sale of "any spirituous, vinous, malt, fermented or other intoxicating liquors or fermented wine or cider of any kind, medicated bitters or any compound of which alcohol is the chief or a principal ingredient," and that the liquor law now in force in Dorchester County is the General Act of 1933, Extra Session, Code, art. 2B. In the *Green* case it was declared that the only kinds of liquor licenses

which could be granted in Dorchester County were to manufacturers, wholesalers, and beer licenses designated as "Class A (Off Sale)," "Class B (On Sale)—Hotels and Restaurants," and "Class C (On Sale)—Clubs." The defendant's contention here is that, inasmuch as no other licenses can be issued in Dorchester County than those so designated, it is not unlawful to sell a pint of whisky at retail in that county.

The defendant argues that because under the common law no license was required for the sale of liquor, it is no offense to sell where a license cannot be granted, unless there is a statute which expressly and in terms forbids such sale.

It is provided by section 2, article 2B of the Code, Acts of 1933, Ex. Sess., ch. 2, that: "From and after the taking effect of the Twenty-first Amendment to the Constitution of the United States, no person shall at any time manufacture, blend, rectify, bottle, import or sell, or suffer to be manufactured, blended, rectified, bottled, imported or sold, or keep or suffer to be kept on his premises, in his possession or under his charge or control for the purpose of sale and delivery within this State, any alcoholic beverage without a license as hereinafter provided."

When the Eighteenth Amendment to the Federal Constitution went into effect, we had liquor license laws in Baltimore City and several counties which were thereby made inoperative and practically repealed, though they remained on the statute books of the State. Three cases came to this court, *Ulman v. State*, 137 Md. 642, 113 A. 124; *Molinari v. State*, 141 Md. 565, 119 A. 291; and *Weisengoff v. State*, 143 Md. 638, 123 A. 107, in which the appellants had been convicted for the sale of liquor without a license when it was impossible to secure such licenses. On appeal to the Supreme Court, 263 U. S. 685, 44 S. Ct. 179, 68 L. Ed. 506, the *Molinari* and *Weisengoff* cases were affirmed on the authority of *Vigliotti v. Pennsylvania*, 258 U. S. 403, 42 S. Ct. 330, 66 L. Ed. 686, where that court said: "It is thus primarily a prohibitory law, and its prohibitory features are not so dependent

upon those respecting license as to be swept away by the Eighteenth Amendment and the Volstead Act." And we said in the *Green* case, *supra,* that the present license law, article 2B, is "not a mere regulatory provision, but is prohibitory as well." It was the legislative intent that only such licenses should be issued as were authorized, and that no alcoholic beverages should be sold anywhere except such as were authorized, and then only by persons who could and did procure licenses so to do, and in our opinion the Acts of 1933, Ex. Sess. ch. 2, is incapable of any other construction. It is inconceivable that the Legislature intended, as the defendant contends, that as beer only could be licensed and sold in Dorchester County, the sale of all other alcoholic beverages would be thereby legalized in the county.

The form of the indictment being in the words of the statute and sufficiently descriptive of the offense charged (*Abramson v. State,* 167 Md. 531, 175 A. 593; *Wentz v. State,* 159 Md. 161, 150 A. 278; *Weller v. State,* 150 Md. 278, 132 A. 624; *Hicken v. State,* 146 Md. 251, 126 A. 123; *Armacost v. State,* 133 Md. 289, 105 A. 147), the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*