### PETERSON v. UNITED STATES.

(Circuit Court of Appeals. Ninth Circuit. April 21, 1924.)

#### No. 4147.

1. **Criminal law ☞211(1)—Complaint reciting complainant was deputy marshal, and signed without addition of official title, held sufficient.**

A complaint reciting that "C. F. P.—— is accused by C. W. M.——, Deputy United States Marshal" of the crime specified, and signed by "C. W. M.——," and the verification thereof reciting that affiant is a deputy United States marshal, *held* sufficient as a direct accusation by one described as a deputy marshal.

2. **Indictment and information ☞3—Under Alaska Dry Law, possession of intoxicating liquor is misdemeanor.**

Under Alaska Dry Law, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3643b), the possession of intoxicating liquor is a misdemeanor, and under section 28 (sec. 3643oo) prosecution for violation thereof may be on information or indictment.

3. **Arrest ☞63(3), 71—Arrest without warrants and seizure for possessing intoxicating liquor held justified.**

Where federal officers found accused asleep near a boat containing several kegs of whisky, and accused admitted that he had "100 gallons," the officers were justified in arresting him and seizing the liquor without warrants, for the open violation of law in their presence.

4. **Criminal law ☞406(3)—Accused's voluntary admission to officers making arrest held admissible.**

In a prosecution for unlawful possession of intoxicating liquor, it was not error to permit officers who made the arrest to testify that accused voluntarily admitted when arrested, that he had "100 gallons."

5. **Criminal Law ☞30—Charge of unlawful transportation of intoxicating liquor held no bar to prosecution for unlawful possession under different act.**

That accused had been charged with unlawfully transporting intoxicating liquors in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) *held* no bar to prosecution for unlawful possession of the same liquor under Alaska Dry Law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3643b–3643r); the offense charged being a misdemeanor under both acts, and the doctrine of merger not being applicable.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

C. F. Peterson was convicted of unlawful possession of intoxicating liquor, and he brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John F. Dore and Francis C. Reagan, both of Seattle, Wash., and L. V. Ray, of Seward, Alaska, for plaintiff in error.

Sherman Duggan, U. S. Atty., of Anchorage, Alaska, and Harry G. McCain, Asst. U. S. Atty., of Cordova, Alaska.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Peterson was convicted before a commissioner in Alaska under a complaint which charged the unlawful possession of intoxicating liquor, whisky, in violation of the provisions of the act of Congress approved February 14, 1917, commonly known as the Alaska Dry Law, 39 St. L. c. 53, p. 903 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r). Upon appeal to the District Court he was convicted and sentenced to one year in jail in Alaska and to pay a fine of $1,000, and in default of the payment of the fine, to serve a term in the designated jail not to exceed one day for each $2 of the fine unpaid.

[1] In the District Court counsel for Peterson contended that the court was without jurisdiction, in that there could be no prosecution for a felony except by indictment by a grand jury, and also upon the ground that the complaint on which the charge was based was signed "C. W. Mossman" and not "C. W. Mossman, Deputy Marshal."

The complaint in its material part was as follows:

"C. F. Peterson is accused by C. W. Mossman, Deputy United States Marshal, in this complaint of the crime of having intoxicating liquor in his possession, committed as follows."

Specific allegations of jurisdictional facts follow, and the whole complaint is signed "C. W. Mossman." Appended is a verification wherein C. W. Mossman, being first duly sworn, upon oath deposes and says that the "foregoing complaint is true, and that I am a deputy United States marshal for the Third Division of the Territory of Alaska." The verification is signed "C. W. Mossman" and is sworn to before W. H. Rager, United States commissioner and ex officio justice of the peace. We regard the accusation as directly made by one described as a deputy marshal, and, being sufficiently verified, it became an authentic charge. It is not necessary to decide that a complaint cannot be made by a private citizen.

[2] It is error to assume that under the statute in Alaska the possession of intoxicating liquor (unless the same was procured and is possessed as expressly provided in the act of Congress) is a felony, for, by express provision of section 1 of the act, one having such possession is guilty of a misdemeanor; and by section 28 of the act prosecutions for violation of the provisions of the act shall be on information or upon indictment.

[3] It is argued that the court should have directed a verdict for defendant. The evidence was that on September 21, 1922, several deputy United States marshals saw a row boat with one man in it. The man came ashore, and immediately thereafter went back into the boat and down three or four miles below the point where he was first seen. The officers saw him take something ashore, whereupon they went down the bay to the point where the boat landed and found

defendant Peterson asleep a few yards away from the boat. They found that the dory, then on the beach, was loaded with 10 10-gallon kegs of whisky, some of the kegs being uncovered. Peterson told the officers he had been out all night shooting ducks and had had no sleep for two days, and when asked whether he had anything in the boat, replied, "100 gallons." Peterson was arrested and the liquor was seized and offered in evidence upon the trial. Defendant introduced no testimony.

Upon the facts as stated, we hold that the court was right in ruling that the officers were justified in arresting the defendant and seizing the liquor, all of which was then and there in the possession of the defendant. The law was actually being violated openly and in their presence. Warrants were not necessary.

[4] There was no error in permitting the officers to testify that defendant stated to them that he had 100 gallons. The statement appears to have been wholly voluntary and was competent to go to the jury. Wilson v. United States, 162 U. S. 613, 16 Sup. Ct. 895, 40 L. Ed. 1090; Mangum v. United States (C. C. A.) 289 Fed. 213.

[5] It is contended that the conviction should be set aside because it appears that prior to the trial of the present action Peterson filed an affidavit in the nature of a plea, setting forth that at some prior date he had been charged with having illegally transported intoxicating liquor on September 21, 1922, the same liquor involved in the charge of unlawful possession, and that he had given bonds for his appearance before the grand jury for the Third Division in Alaska upon the charge of illegal transportation, in violation of the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). There is nothing in the record to show that there ever had been any indictment upon the charge of illegal transportation, or that any such issue had ever been tried. Under the National Prohibition Act transportation of intoxicating liquor is made a misdemeanor. The defendant, therefore, had no sufficient ground upon which to plead a bar. Furthermore, the charge which he says was made against him under the Volstead Act was not for a felony but for a misdemeanor. Under such conditions the doctrine of merger is not applicable. 16 C. J. 59.

The judgment is affirmed.