## CRANE v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
April 23, 1928.

No. 2714.

Criminal law ⚮1169(6)—Alleged erroneous admission of evidence relative to charge of possessing liquor held not prejudicial, where punishment assessed was for sale only (National Prohibition Act [27 USCA]).

In prosecution for possession and sale of liquor under National Prohibition Act (27 USCA), admission of evidence of search, if error, on account of illegality of search, was not prejudicial, where the evidence related only to the charge of possession and punishment assessed was for sale only.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Walter Crane was convicted of selling intoxicating liquor, and he brings error. Affirmed.

Helen Elizabeth Brown and R. Palmer Ingram, both of Baltimore, Md., for plaintiff in error.

A. W. W. Woodcock, U. S. Atty., of Baltimore, Md.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. Defendant was convicted under an information charging possession and sale of intoxicating liquor in violation of the National Prohibition Act (27 USCA). He was given a sentence of three months' imprisonment, but was not fined; and this, of course, means that he was punished under the count charging sale, but not under the one charging possession.

The only point presented by the assignments of error is the admissibility of evidence obtained by a search alleged to have been unlawful; but, as this evidence bore only upon the charge of possession in the count under which defendant was not punished, and had no relation to the charge of sale contained in the count under which he was punished, we do not see how he was hurt by its admission.

Defendant sold whisky to a prohibition agent in the presence of two other agents. After the sale they arrested him, and searched the bar where he was working, and there found a quantity of intoxicating liquor. The possession of this liquor was covered by the count of the information under which defendant was not punished; the sale to the prohibition agent, which was established by testimony as to occurrences prior to the search,

being covered by the other count. The arrest was made by the prohibition officers for a crime committed in their presence, and the search was incidental to the arrest. It would seem, therefore, that both the arrest and the search were lawful. Marron v. U. S., 48 S. Ct. 74, 72 L. Ed. ——; Agnello v. U. S., 269 U. S. 30, 46 S. Ct. 4, 70 L. Ed. 145; Henderson v. U. S. (C. C. A. 4th) 12 F.(2d) 528, 530, 51 A. L. R. 420; U. S. v. Kirschenblatt (C. C. A. 2d) 16 F.(2d) 202; Sayers v. U. S. (C. C. A. 9th) 2 F.(2d) 146; Peterson v. U. S. (C. C. A. 9th) 297 F. 1002; McBride v. U. S. (C. C. A. 5th) 284 F. 416.

It is not necessary to go into these matters, however, as, for the reasons stated, we do not think that the admission of the testimony affected the result.

Affirmed.