SAMUEL BLAGER *v.* STATE OF MARYLAND.
[No. 31, April Term, 1932.]

*Decided June 21st, 1932.*

The causes were argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Harry O. Levin,* for the appellant Blager.

*G. C. A. Anderson, Assistant Attorney General,* with whom were *Wm. Preston Lane, Jr., Attorney General, Herbert R. O'Conor, State's Attorney for Baltimore City,* and *Albert H. Blum, Assistant State's Attorney,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

At the trial of the appellant on an indictment for the violation of the law relating to lotteries (Code, art. 27, secs. 336-350), he objected to the admission in evidence of certain lottery slips on the ground that they were taken from his possession by illegal search and seizure, contrary to section 4A of article 35 of the Code, as enacted by chapter 194 of the Acts of 1929. The objection was overruled, and the trial resulted in a verdict and judgment convicting the appellant of the offense charged.

The appellant, being suspected of conducting illegal lottery operations, was accosted, as he alighted from an automobile, by a police officer, in plain clothes, who, having noticed a package in the appellant's overcoat pocket, said to him: "I am Sergeant Smith and I want those lottery tickets that you have on you." In reply the appellant said: "There they are in my coat pocket. Take them." After removing the package, which in fact contained lottery tickets, the sergeant asked the appellant whether he had any more, and received an affirmative answer, accompanied by the production and delivery of two other small packages. The possession of the lottery slips being a misdemeanor, under the statute, the appellant was placed under arrest. The officer then entered the appellant's house, in front of which the arrest was made, and discovered in one of the rooms three men, several adding machines, a bag containing lottery slips, and a package of money. Before leaving the house for the police station, the appellant asked his wife to bring him another coat from upstairs, but the sergeant said: "Mr. Blager, now this is the top coat that you have had on and I want to say to you that if you are not going to take it with you I am going to take it myself to the station. I feel that you have some more lottery tickets in that coat." Blager then said to his wife: "Well, don't bother. I will put that coat on." The officer said: "Well, if you have any more slips in there I would like to have them." Whereupon Blager handed him two more packages of lottery tickets. Other lottery papers were found in a closed compartment in the rear of Blager's automobile, but these, and

also the adding machines, lottery slips, and money discovered in the house, other than the packages there produced by Blager himself, were excluded by the trial court on the ground that they were taken in pursuance of a search illegally made without a warrant. The lottery tickets which Blager invited the sergeant to remove from his pocket, or which he gave to the officer under the circumstances described, were admitted in evidence because they were considered to have been voluntarily delivered. In this view we concur.

The arrest of the appellant was lawful. Upon the admission that he was violating the law by having lottery tickets in his possession it was within the legal authority of the officer to arrest him without a warrant. As we recently said, in an opinion by Judge Pattison, in *Heyward v. State,* 161 Md. 685, 158 A. 897, 899: "It is a settled law that an officer has the right to arrest without a warrant for any crime committed within his view. It was his duty to do so at common law, and this is still the law. *B. & O. R. R. Co. v. Cain,* 81 Md. 87, 100, 31 A. 801; *Roddy v. Finnegan,* 43 Md. 504; *Mitchell v. Lemon,* 34 Md. 181. * * * It would, we think, be going very far to hold that under such circumstances the officer was required to obtain a warrant before making the arrest, and thereby, possibly, allow the defendant to make his escape. In our opinion the law cannot be so impotent and ineffective in its operation."

No coercion was employed in this case to induce the appellant's admission of his unlawful possession of lottery slips or his delivery of them to the officer. If he had been merely passive and silent, when confronted with the sergeant's implied accusation, he would have been immune from any police interference until a warrant had been procured. The lottery slips were concealed by the covering of the package in his pocket, and no act or word of the sergeant required him to acknowledge that he was then committing a misdemeanor. But, when he promptly admitted his violation of the law by conceding his possession of lottery slips and authorizing the officer to take charge of them, and when the commission of the offense was thus disclosed to the officer's own view, there can

be no doubt as to the legality of the ensuing arrest. *People v. Goss*, 246 Mich. 524, 224 N. W. 364; *Peterson v. U. S.* (C. C. A.), 297 F. 1002; *The Sebastopol* (D. C.), 47 F. (2d) 336, 337; *Cornelius on Search and Seizure* (2d Ed.) 53. The package of lottery slips procured from the appellant personally after his arrest was also voluntarily surrendered and was received in consequence of action incident to an arrest which had been lawfully accomplished.

There was no error in the admission of the evidence to which the only exceptions by the appellant referred.

A cross-appeal was entered by the State because of an adverse ruling on a petition by the state's attorney that an order suppressing as evidence the adding machines, lottery tickets, and money, found in the room entered by the police, be modified, so that such evidence might be used in the trial of the three men discovered there, who were indicted jointly with the appellant, but as to whom there was a severance. Those defendants are not parties to this appeal, and affirmance of the judgment rendered against the appellant does not affect any question of evidence, not presented by his exceptions, which may concern the separate trial of his original codefendants.

*Judgment affirmed, with costs. Appeal of the State dismissed.*