## HILL *v* STATE
[No. 168, October Term, 1947.]

*Decided May 27, 1948.*

Submitted on brief before MARBURY, C. J., DELAPLAINE, COLLINS, and HENDERSON, JJ., and BAILEY, Circuit Judge specially assigned.

Submitted on brief by *Charles L. Hyde* for the appellant.

Submitted on brief by *Hall Hammond, Attorney General, J. Edgar Harvey, Assistant Attorney General,* and *Walter W. Dawson State's Attorney for Montgomery County,* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Pete Hill, appellant, who was tried in the Circuit Court for Montgomery County on

December 3, 1947, on a charge of unlawfully making and selling a book on the results of certain running race horses in violation of Article 27, Section 291, of the Annotated Code of Maryland, 1939 Edition, resulting in a judgment and sentence on December 4, 1947, of a fine of One Thousand ($1,000) Dollars and confinement in the Maryland House of Correction for a perion of nine months.

Judge Charles W. Woodward issued a search warrant on August 15, 1947, authorizing the search of Pete Hill "for any and all books, slips, lists and records of the names of horses on the results of any running race of horses, races, contest or contingency of any kind in this State and elsewhere and money received from and for the sale of such book or pool, as prohibited by Article 27, Section 291, of the Annotated Code of Maryland, 1939 Edition."

On August 16th the appellant was arrested on a warrant, containing the same charge as that in the search warrant, issued on August 15th and taken to the Silver Spring police station where he was searched. He was later taken to the Bethesda police station and again searched where there was found on his person a slip of paper containing the names of persons and amounts of money, a scratch sheet, and marked money. At the trial of the case on December 3, 1947, in the Circuit Court this slip, the scratch sheet and marked money were offered in evidence.

On September 8, 1947, previous to the trial of the case, the appellant filed a motion to quash the search warrant. On November 17th a hearing was held on that motion by Judge Woodward and that motion overruled.

In his appeal to this Court the appellant assigns as error the overruling of his motion to quash the search warrant; that the property seized under the search warrant should not have been offered in evidence; and that the State did not sustain the burden of proof of appellant's guilt beyond a reasonable doubt.

It is not necessary that we pass upon this search warrant. In *Callahan v. State,* 163 Md. 298, 162, A. 856, the accused was tried, convicted and sentenced for the violation of the local law of Anne Arundel County which made it unlawful to sell or have in possession with intent unlawfully to sell, intoxicating liquor in Anne Arundel County without first having taken out a license. An officer, having received certain information, went to a hotel where a sale was to be made. The accused and the buyer of the liquor met at the hotel and went to a parked automobile. As the accused bent over to get the rum which the officer saw on the seat in a brown paper bag, the traverser was placed under arrest and the bag was opened and found to contain three quarts. The traverser in that case contended that it was an illegal search and seizure under Article 35, Section 5, Code, 1947 Supplement, known as the Bouse Act. This Court in that case held that the traverser was taken *in flagrante delicto* and his apprehension and confiscation of the intoxicant were a proper discharge of an official duty and that no constitutional right or immunity was there involved. The Court there said at page 301 of 163 Md., at page 857 of 162 A.: "If a misdemeanor be committed in the presence of an officer who is charged with the enforcement of the law, he is authorized, without warrant, to arrest the offender * * * and then, as an incident of the arrest, to search his person, and to seize and search the immediate and present evidence and instrument of his crime * * *. *Blager v. State,* 162 Md. 664, 161 A. 1; *Heyward v. State,* 161 Md. 685, 691-695, 158 A. 897; *Gorman v. State,* 161 Md. 700, 158 A. 903; *Baum v. State,* 163 Md. 153, 161 A. 244." And many other cases there cited. "Where circumstances make an arrest lawful, though without a warrant, the safe and sure enforcement of the law permits, as an incident of his arrest, that the prisoner not only be disarmed by search, but that the tangible evidence or instrument of the crime, whether upon his person or within his use and immediate

possession, shall be discovered and taken in custody and examined."

It is said by Cornelius on *Search and Seizure* 2d Ed., Section 37, page 95 cited in *Callahan v. State, supra.* "While it is well settled that upon a valid arrest a search of the person may be made and any evidence found thereon tending to establish the commission of a crime may be lawfully seized, nevertheless, if the arrest is unlawful the incidental search in connection therewith is likewise unlawful and in violation of the constitutional rights of the defendant. * * * The right to arrest exists in four general classes of cases. *First, the arrest upon a valid warrant, a right so thoroughly established that no citation of authorities is required."* (Italics supplied here). See also *People v. Chaigles,* 237 N. Y. 193, 142 N. E. 583, 32 A. L. R. page 680; *Harris v. U. S.,* 331 U. S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399, decided May 5, 1947.

In *Lawrence v. State,* 103 Md. 17, at page 37, 63 A. 96, at page 104, cited in *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807; it was said, quoting from *State v. Iowa v. Height,* 117 Iowa 650, 91 N. W. 935, 59 L. R. A. 437, 94 Am. St. Rep. 323: "It is well settled that, when one charged with an offense is arrested, the officers may, without further legal procedure, seize weapons with which the crime had been committed, property which has been obtained by means of the criminal act, or articles which may give a clue to the commission of the crime or identification of the criminal."

In the instant case the traverser was arrested on a warrant and at the time of the arrest he was searched and the articles offered in evidence were found upon him. The search was therefore lawful and the articles were properly offered in evidence regardless of the validity of the search warrant issued by Judge Woodward and it is not necessary to pass upon that question.

It has been many times stated by this Court that on review here of criminal cases we are limited to the rulings of the trial court and that we cannot pass upon the sufficiency of the evidence which is a question for the jury,

or for the trial judge sitting as a jury. *Lanasa v. State,* 109 Md. 602, 71 A. 1058; *Coblentz v. State,* 164 Md. 558, 166 A. 45, 88 A. L. R. 886; *Wilson v. State,* 181 Md. 1, 26 A. 2d 770; *Bright v. State,* 183 Md. 308, 318, 38 A. 2d 96; *Quesenbury v. State,* 183 Md. 570, 39 A. 2d 685; *Davis v. State,* 189 Md. 269, 55 A. 2d 702, 704.

Without passing upon the action of the trial judge in refusing to quash the search warrant it must be observed that the motion to quash was made prior to the trial. In the case of *Sugarman v. State,* 173 Md. 52, 195 A. 324, a motion to quash the search warrant was made prior to the trial. As thus presented the motion to quash was analogous to the practice commonly in use in the federal courts for the purpose of suppressing evidence. Such a practice is not founded upon any statute of this state nor supported by precedent to justify its propriety. This Court said in that case at page 58, of 173 Md., at page 326 of 195 A.: "And we may add that we see no reason for adopting it and thus compelling the State's witnesses in advance of a trial upon its merits to disclose to the prisoner the information which they possess pertaining to this case, which information is certain to be developed during the progress of the trial." *Miller v. State,* 174 Md. 362, 367, 198 A. 710.

Rule 39, adopted by this Court November 1, 1945, provides in part that the brief of the appellant shall contain: "(e) An appendix which, in addition to what is required by Rule 36, shall contain such parts of the record as he desires the Court to read. Stars or other appropriate means should be used to indicate omissions in the testimony of witnesses, reference to the pages of the transcript should be made and the names of the witnesses should be indexed." In the instant case the appendix to the brief contains nothing other than the docket entries of the trial below. Neither the brief nor the appendix contain the application for the search warrant, the search warrant itself; nor the motion to quash.

This Court has pointed out many times that in passing Rule 36, doing away with the necessity of printing the

704

record on appeal, it was done for the purpose of decreasing the cost of appellate litigation. By the adoption of Rule 39, it is clearly stated that the appendix to appellant's brief should contain such part of the record as appellant desires this Court to read. We have pointed out that where matters to be passed on on appeal are contained in the one typewritten copy of the record, we do not intend to pass this from member to member of the Court so that each judge may search for what the appellant is discussing in his brief, and that in such cases the appeal must be dismissed. *Strohecker v. Schumacher, etc.*, 185 Md. 144, 146, 43 A. 2d 208; *Condry v. Laurie*, 186 Md. 194, 46 A. 2d 196; *Butler v. Reed-Avery Co.*, 186 Md. 686, 48 A. 2d 436; *Grimm v. Virts*, 189 Md. 297, 55 A. 2d 716; *Naughton v. Paul Jones & Co., Inc., et al.*, 190 Md. 599, 59 A. 2d 496. The appeal must therefore be dismissed.

*Appeal dismissed, with costs.*