## CROSS *v.* STATE

[No. 119, October Term, 1951.]

508

*Decided March 7, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*R. Palmer Ingram* and *Malcolm J. Coan,* for appellant.

The Court declined to hear argument for the appellee. *Hall Hammond,* Attorney General, *A. T. Hartman,* Assistant Attorney General, and *Anselm Sodaro,* State's Attorney for Baltimore City, on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment rendered as the result of a verdict of guilty in the trial of appellant on the charge of unlawful possession of lottery tickets.

The single contention is that the money and lottery tickets were not admissible in evidence.

Officer Charles Gross, of the Baltimore Police Department, testified that about 2:20 P.M. on August 23, 1951, he, together with another officer, was ordered in the vicinity of Hollins and Mount Streets, in Baltimore. He was dressed in dungarees at the time. He parked his automobile and saw a colored boy on a bicycle with a package wrapped in newspaper. He saw the appellant, Leonard Cross, walking up and down the street. The boy rode up to the appellant and tried to give him the package. The officer, about fifteen feet away, heard the appellant say "get away, there is a plain clothes car coming down Gilmor". Attached to the cross-bars of the bicycle was this package wrapped in newspaper. The officer looked and saw a sergeant going south on Gilmor Street. The boy on the bicycle rode away. Officer Cross then saw appellant remove a brown paper bag from

his shirt and put it in his hat and walk up to an unoccupied automobile, parked on the street, and place the bag down on the street behind its rear wheels.

The officer started to walk toward appellant, who started to run. The officer caught up to him in about five or ten feet and told him he wanted to know what was in that bag. There was a "scuffle" between the officer and the appellant. The appellant replied: "that isn't my bag, I never had nothing to do with that bag". The appellant was then arrested. The boy came back on the bicycle and seeing that the officer "had" the appellant, rode away before the officer could catch him. The officer then went back and picked up the brown paper bag from the street in the rear of the unoccupied parked car where appellant had placed it. In the bag were 86 slips, 984 lottery numbers, $185.00 "in play", 5 "stations", and 1 "sub-writer". On cross examination Officer Gross admitted that he did not know the appellant, had never seen him before, and he did not know what was in the bag until he opened it.

The appellant testified he was walking on Hollins Street and the officer in dungarees trotted toward him, grabbed him, and said "don't run". He threw the officer down and the officer then presented his badge, carried him down the street, picked up the bag, put him under arrest, carried him to the officer's car, and opened the bag. On cross examination he said he did not have the paper bag at any time, did not see the boy on the bicycle, and did not talk to such a boy.

In this case the question before this Court is whether this paper bag which the officer said he saw appellant place on the street, with which the appellant claims he had no connection, and which the officer picked up from the street, with its contents, was properly admitted in evidence against the appellant.

In the case of *Lingner v. State*, 199 Md. 503, 86 A. 2d 888, argued with the instant case, and filed immediately before the filing of this opinion, we held with authorities cited, as in many previous cases, that one cannot

complain of the search and seizure of property which he "neither owns, nor leases, nor controls, nor lawfully occupies, nor rightfully possesses, or in which he has no interest". Here appellant claims that he did not place the bag on the street and he had no connection with the bag. Appellant cannot in one breath disclaim all interest in the bag and in the next breath complain of its seizure and search. We also pointed out in that opinion, with authorities cited, that unlawful possession of the bag was an essential incident of the crime charged, that it was admissible in evidence, and that the decision was on the weight of the evidence and not on any question of admissibility. It is unnecessary to cite again those authorities. As we find no error, the judgment will be affirmed.

*Judgment affirmed, with costs.*