## LINGNER *v.* STATE

[No. 118, October Term, 1951.]

*Decided March 7, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

R. Palmer Ingram and Malcolm J. Coan, for appellant.

The Court declined to hear argument for the appellee. *Hall Hammond*, Attorney General, *A. T. Hartman*, Assistant Attorney General, and *Anselm Sodaro*, State's Attorney for Baltimore, on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment rendered as the result of a verdict of guilty, by a jury, in a trial of appellant on the charge of unlawful possession of lottery books, lists, slips and numbers.

Appellant contends that his arrest was unlawful and therefore two bags and the contents thereof, seized as a result of the unlawful arrest, were not admissible in evidence against him.

On August 31, 1951, about 2:30 P.M., Sergeant Cohen of the Baltimore City Police Department, with another officer, both in plain clothes, was in a private automobile in Baltimore and saw a Plymouth automobile with one man in it parked on Madison Street. Sergeant Cohen testified that another car, carrying two colored men, approached the Plymouth, slowed down without stopping, and one of the occupants, as it came alongside, handed a package into the front window of the Plymouth. "His hand went all the way in the other car window." Both cars started away. The officers followed the Plymouth, which made a right turn into Edison Highway. They went around that car, which pulled over to the curb and stopped. Sergeant Cohen got out and walked over to the Plymouth. The driver of the car, the appellant, Lingner, spoke to the Sergeant, saying: "Hi Sergeant." The Sergeant then identified himself as a police officer and asked: "Where is the package that the man just handed you in the car?" The Sergeant said that appellant "reached to the floor of the car and handed it out the window, and said here it is, it doesn't belong to me." The package handed out proved to be a bag similar to a bank depository bag, with a lock on it.

Sergeant Cohen then looked in the car and on the floor of the car on the front right hand side was another similar package. The officer placed the man under arrest and took him and the bags to the police station. Appellant still insisted that the bags did not belong to him. He said he did not have the keys. The officer broke the locks off both bags. In the bag which was handed him was found $414.00, 77 lottery slips, 2251 numbers representing $453.75 "in play". The other bag contained 626 lottery slips, 5571 numbers, representing $450.21 "in play". The officer admitted that he did not know what was in the bags until he opened them and he had seen no violation of the law in his presence, and that he put the appellant under arrest "to find out what was in the bags". The title to the Plymouth was listed to Ambrose Lingner.

The appellant said that two colored men threw the packages on the floor of his car and he started after them to find out "why they throwed them at me". He denied all through the case that the bags belonged to him. He said he did not hand either of the bags to the officer, but that the officer took them. Over objection the bags were admitted in evidence.

The single contention in this case by the appellant is that the two bags and the contents thereof, consisting of lottery slips and money, were not admissible in evidence. As pointed out in *Baum v. State*, 163 Md. 153, 161 A. 244, prior to the passage of Article 35, Section 5, 1939 Code, commonly known as the Bouse Act, evidence otherwise competent, pertinent, and admissible would not be rejected by reason of the method of its obtention, even though it was obtained through a search and seizure declared to be illegal by the Maryland Declaration of Rights and the Constitution of the United States. That act now provides: "No evidence in the trial of misdemeanors shall be deemed admissible where the same shall have been procured by, through, or in consequence of any illegal search or seizure or of any search and seizure prohibited by the Declaration of Rights of this

State; nor shall any evidence in such cases be admissible if procured by, through or in consequence of a search and seizure, the effect of the admission of which would be to compel one to give evidence against himself in a criminal case."

In the case now before this Court the appellant claims that these bags, offered in evidence, were thrown in his car, and he started after the other car to find out why they were thrown in his automobile. He stoutly denied that the bags belonged to him or that he knew their source. It was said in *Baum v. State, supra,* 163 Md. at page 156, 161 A. at page 245: "We are of the opinion that the provisions of Chapter 194 [now Article 35, Section 5, *supra*] do not apply to these defendants, for the reason that the immunity from illegal search and seizure is a privilege personal to those whose rights thereunder have been infringed, and they alone may evoke it." Many authorities, both state and federal, are cited to sustain this statement. It is further said in 163 Md. at page 157, 161 A. at page 245: "From the above authorities, and many others which might be cited, it is certain that one cannot complain of an illegal search and seizure of premises or property which he neither owns, nor leases, nor controls, nor lawfully occupies, nor rightfully possesses, or in which he has no interest. Or, stating it conversely, those whose private rights have been or may be disturbed alone may invoke the constitutional right against unreasonable search and seizure. The constitutional and statutory provisions against unwarranted searches and seizures are made in favor of the persons whose property or possessions are affected by such search and seizure." This principle has been reaffirmed in many cases since. Among others are: *Frankel v. State,* 178 Md. 553, 562, 16 A. 2d 93; *Bevans v. State,* 180 Md. 443, 448, 24 A. 2d 792; *Resnick v. State,* 183 Md. 15, 18, 36 A. 2d 347; *Frank v. State,* 189 Md. 591, 595, 56 A. 2d 810; *Kapler v. State,* 194 Md. 580, 586, 71 A. 2d 860, 862; *Delnegro v. State,* 198 Md. 80, 86, 81 A. 2d 241, 244. Appellant can-

not in one breath disclaim all interest in the bags and in the next breath complain that his rights are infringed by the seizure and search of those bags.

As to the argument that there is not sufficient connection between the appellant and the bags, probability is the only requirement. If there is any doubt, the decision is on the weight of the evidence, not on any question of admissibility. Unlawful possession of the bags was an essential incident of the crime charged. *Goldstein v. State,* 179 Md. 697, 22 A. 2d 471, 472; *Purviance v. State,* 185 Md. 189, 192, 193, 44 A. 2d 474.

*Judgment affirmed, with costs.*