## ROBINSON *v.* STATE

[No. 161, October Term, 1951.]

*Decided May 9, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Ernest L. Perkins,* with whom were *Donald G. Murray* and *LeRoy A. Cooper* on the brief, for appellant.

*A. T. Hartman, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City, Edwin A. Gehring, Assistant State's Attorney,* and *William H. Maynard, Deputy State's Attorney,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

The appellant was convicted on seven counts of an indictment for violations of the gaming and lottery laws of this State. From the judgment he appeals to this Court. He claims that the trial judge committed error in admitting, over objections, articles used for lottery and gambling.

There was testimony in the case that on July 24, 1951, about 1:45 P.M., Sergeant Roche and Officers Baker and Hagen, wearing plain clothes, were proceeding in an

automobile along Warner Street in Baltimore near its intersection with Montgomery Street. At the same time the appellant, Eugene Robinson, accompanied by Ernest Reddit, was in a parked automobile at Montgomery and Warner Streets. Sergeant Roche, when about twenty-five or thirty feet from this parked car, saw a man walk toward the parked car with yellow lottery slips in his hand and pass them in the window of the automobile to the appellant who was sitting in the driver's seat. Sergeant Roche admitted that at that distance he could not read anything on the slips but from his past experience he knew they were lottery slips. The officers pulled in front of this parked automobile to block it off. Appellant tried to "run them down". The Sergeant got out of the police car, walked over to the parked automobile and said: "Stop, Police". He showed appellant his badge and placed him under arrest. He then saw in appellant's left hip pocket, next to the window, yellow lottery slips and a yellow bag. He said to appellant: "Give me them slips you got in your pocket." Appellant became very confused and handed the lottery tickets and the bag with the money to the Sergeant. Officer Baker, who had immediately run up to the side of the car on which Reddit was seated, said to Reddit: "Give me that bag of lottery slips at your feet." Reddit immediately reached down, picked up the bag and handed it out of the window to Officer Baker, who opened it in appellant's presence and said: "This is full of lottery numbers". The two officers took appellant and Reddit to the police station and there the turnkey took from appellant's pocket a book with lottery notations on it. Appellant in his direct examination was asked: Q: "I show you these slips. Did you ever have these in your possession?" He answered: "No, if they were anywhere they must have been in that bag; they weren't in my possession." Appellant, in his brief, admits that "appellant not only was passive and silent but actually denied ownership". Appellant contends, however, that the lottery slips, money bag, the bag on the floor of the

car and the contents therein, and the book with the lottery notations on it were not admissible in evidence.

In *Blager v. State,* 162 Md. 664, 161 A. 1, 2, the appellant, suspected of illegal lottery operations, was accosted by a police officer in plain clothes who, seeing a package in appellant's pocket, said to him: "I am Sergeant Smith and I want those lottery tickets that you have on you." The appellant said: "There they are in my coat pocket. Take them." The appellant contended that these slips were not admissible in evidence by reason of the Bouse Act, now Code 1939, as amended, Code Supp. 1947, Article 35, Section 5, relied on by the appellant here. In affirming the conviction, this Court said in that case: "No coercion was employed in this case to induce the appellant's admission of his unlawful possession of lottery slips or his delivery of them to the officer. If he had been merely passive and silent, when confronted with the sergeant's implied accusation, he would have been immune from any police interference until a warrant had been procured. The lottery slips were concealed by the covering of the package in his pocket, and no act or word of the sergeant required him to acknowledge that he was then committing a misdemeanor. But, when he promptly admitted his violation of the law by conceding his possession of lottery slips and authorizing the officer to take charge of them, and when the commission of the offense was thus disclosed to the officer's own view, there can be no doubt as to the legality of the ensuing arrest."

In *Wright v. State,* 177 Md. 230, 233-234, 9 A. 2d 253, 255, this Court said: "Likewise, in Maryland, where an officer noticed a package in a suspected man's overcoat and on demanding it found that it contained lottery tickets, our court decided that the arrest was lawful without a warrant, and that the tickets were admissible in evidence because they were considered voluntarily surrendered. *Blager v. State,* 162 Md. 664, 161 A. 1. This court has also held that, since a police officer may arrest an offender without a warrant when a misde-

meanor is committed in his presence or view, evidence obtained at the time of arrest, including lottery tickets found on the floor or in the pockets of a coat, was not obtained by unlawful search and seizure. *Silverstein v. State,* 176 Md. 533, 6 A. 2d 465." See also *Sugarman v. State,* 173 Md. 52, 60, 195 A. 324; *Smith v. State,* 191 Md. 329, 341, 62 A. 2d 287, 5 A. L. R. 2d 386.

There is credible evidence here from which the trial judge could have found that the appellant voluntarily handed the lottery tickets and the bag of money to the Sergeant. Having voluntarily surrendered these, under the authorities above cited these were properly admissible in evidence. It may be that at the precise moment when the officers began the arrest of appellant only on sight of the yellow slips at a distance of from twenty-five to thirty feet their view was not sufficient to inform them that a misdemeanor was being committed in their presence. However, when the Sergeant walked up to appellant's car and immediately saw the lottery tickets in appellant's pocket and the arrest was completed, and the lottery tickets and money bag were immediately handed to the Sergeant, there was certainly sufficient evidence to inform the officers that a misdemeanor was committed in their view and presence. The arrest was therefore lawful. It is settled law in Maryland that an offense is committed in the presence or view of an officer when his senses afford him knowledge that the offense is being committed. He may then rightfully arrest the offender without a warrant. *Bass v. State,* 182 Md. 496, 505, 506, 35 A. 2d 155, and cases there cited.

The arrest in this case, being valid without a warrant, because the offense was committed in the presence and view of the officers, they had the right, without a search warrant, to search the appellant lawfully arrested and to search the automobile where the arrest was made in order to find and seize things connected with the crime as its fruits or as a means by which it was committed. *Hill v. State,* 190 Md. 698, 701, 702, 59 A. 2d 630; *Fischer*

*v. State,* 195 Md. 477, 481-482, 74 A. 2d 34, 36, and cases there cited. The officer therefore had a right to search the automobile and to seize the bag of lottery slips handed from the automobile to Officer Baker by Reddit and also to search the appellant at the police station and seize the book with the lottery notations. This property having been procured by a lawful search and seizure was accordingly admissible in evidence. *Fischer v. State, supra.* Finding no error, the judgment will be affirmed.

*Judgment affirmed, with costs.*