# BROWN *v.* STATE

[No. 158, October Term, 1954.]

*Decided May 17, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ernest L. Perkins,* with whom was *Donald G. Murray* on the brief, for appellant.

*David Kauffman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *James F. Price, Assistant State's Attorney,* for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This appeal was taken by Albert Brown, of Baltimore, from his conviction by the Criminal Court of Baltimore on the charge of having lottery materials in his possession. Code 1951, art. 27, sec. 429.

In April, 1954, several officers of the Southwestern District of the Police Department of Baltimore City had

under surveillance the two-story brick dwelling at 2623 Puget Street in the Cherry Hill section of the city south of the Patapsco River, as a place where lottery activities were probably being carried on. After the police obtained information which led them to believe that a lottery was being carried on in that house, Sergeant Serio obtained a search warrant commanding him, with the necessary and proper assistants, to enter and search the premises, and also to enter and search a 1952 Buick automobile, bearing Maryland license No. BG-21-05, owned by Silas Hopkins, Homewood Avenue, and to search all persons found in the premises and in the automobile, who are actively engaged in lottery activities, for lottery books and any other paraphernalia used in the operation of a lottery, and to seize the same; and also to arrest two described colored men and a described colored woman and any other persons found in the premises and in the automobile who are actively engaged in lottery activities.

On May 3, 1954, Officer Bushrod was detailed to watch the house. Seeing appellant get out of an automobile and enter the house, he signaled to Sergeant Serio and Officers Gross and Lewinski, who immediately arrived in a police car just as appellant had emerged from the house and was walking toward the automobile parked in front of the house. Appellant, seeing the police car, turned and ran. The officers, dressed in plain clothes, jumped out of their car. Sergeant Serio and Officers Gross and Bushrod started in pursuit of appellant, while Officer Lewinski guarded the automobile in which a woman was sitting.

The three officers chased appellant south on Puget Street, firing one shot in the air, which, according to the officers, made appellant run faster. They saw him drop an envelope which contained lottery slips. They followed him across a lot in the rear of Puget Street, and caught him when he stumbled and fell on the railroad tracks.

The officers brought appellant back to the house at 2623 Puget Street. Inside the house Sergeant Serio

showed him the search warrant. While appellant was sitting on a couch looking at the warrant, he threw three envelopes under the couch, but the officers detected him, and on opening the envelopes found that they contained lottery slips and money.

The officers asked appellant whether there were any lottery slips in the automobile in front of the house. One of the officers testified that appellant said: "She's got a brown bag between her legs. The lottery in that bag belongs to me. Let her go. She is a married woman, and I don't want to get her in any trouble." Another officer testified that appellant said: "Yes, sir, I am responsible for this. This is all my lottery. She is just out for the ride."

On entering the automobile, the officers found alongside the woman a bag containing 111 lottery slips, with 1,489 numbers showing 11 stations, and also $70.72 in cash.

Appellant and Madeline Montgomery were jointly indicted, but the latter pleaded guilty. Appellant pleaded not guilty and asked for trial by jury. Upon the jury's verdict of guilty on the fifth count of the indictment, the Court sentenced appellant to serve a term of nine months in the Maryland House of Correction and to pay a fine of $1,000.

Appellant contended that the search of the automobile and the seizure of the bag of lottery slips were illegal, and therefore the trial judge should not have admitted the lottery slips in evidence. His argument was based upon the Bouse Act, Code Supp., 1954, art. 35, sec. 5, which makes inadmissible in the trial of misdemeanors any evidence procured by any illegal search or seizure or any search and seizure prohibited by the Maryland Declaration of Rights. His complaints were (1) that the police did not have any warrant for his arrest; and (2) that the search warrant authorized the officers to search a Buick, but not a Dodge.

The common law declares that no arrest can lawfully be made for any misdemeanor unless it is committed in the presence of the arresting officer or until a warrant

has been issued by a magistrate. There is no merit, however, in appellant's contention that his arrest was illegal, because when he dropped the envelope containing lottery slips, and the officers saw him drop it, the commission of the crime of having lottery materials in his possession was disclosed to the view of the arresting officers. When the officers picked up the other three envelopes after his apprehension and found that they contained lottery slips, the misdemeanor was again committed in their presence. *Blager v. State,* 162 Md. 664, 666, 161 A. 1; *Kershaw v. State,* 199 Md. 135, 139, 85 A. 2d 783; *Purviance v. State,* 185 Md. 189, 44 A. 2d 474.

It is true that the search warrant did not authorize the officers to search a Dodge. But if a misdemeanor is committed in the presence or view of a police officer, he may not only arrest the offender forthwith without first having obtained a warrant to do so, but may also search the offender and seize incriminating articles connected with the crime, either as its fruits or the means by which it was committed, found upon his person or within his use and immediate control and possession. *Callahan v. State,* 163 Md. 298, 301, 162 A. 856; *Hill v. State,* 190 Md. 698, 59 A. 2d 630; *Fischer v. State,* 195 Md. 477, 481, 482, 74 A. 2d 34; *Rucker v. State,* 196 Md. 334, 338, 76 A. 2d 572; *Scarlett v. State,* 201 Md. 310, 317, 93 A. 2d 753, *certiorari* denied 345 U. S. 955, 73 S. Ct. 936, 97 L. Ed. 1376; *Weeks v. United States,* 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652. Moreover, it is specifically held that an officer making a lawful arrest, either with or without a warrant, may search contemporaneously an automobile connected with the arrest for proscribed property, whether the person arrested is the owner, operator, or passenger.

It is generally stated that a police officer, who sees the commission of a misdemeanor and lawfully arrests the offender, does not need a warrant to search an automobile under his immediate possession and control at the time of his arrest. An illustration of the rule is seen in *Robinson v. State,* 200 Md. 128, 88 A. 2d 310,

where a police officer saw a man walk toward a parked car with yellow lottery slips in his hand and pass them into the car to the appellant who was sitting in the driver's seat, and shortly afterwards the appellant handed lottery slips and a bag of money to one of the officers. In that case the Court held that the officers had the right to search the car, and therefore the lottery slips found on the floor of the car were admissible in evidence.

We realize that, while the right of search and seizure incidental to a lawful arrest is not limited to a search of the person, the extent to which the search and seizure may go cannot be clearly defined from an abstract point of view, because it depends upon the court's interpretation of "immediate control" or "immediate surroundings" of the person arrested as applied to the facts of each case. However, we have no difficulty here in determining that the lottery slips were found under the immediate possession and control of appellant. The evidence was uncontradicted that appellant got out of the Dodge, entered the house on Puget Street, came out of the house very soon afterwards, and started toward the Dodge, but ran when he saw the police. There was no question of the identity of appellant as the man who had possession and control of the Dodge. In fact, he told the officers that the occupant of the automobile had nothing to do with the lottery slips, thus implying that the automobile and the unlawful materials were in his own immediate possession and control. An officer may search the automobile of a person whom he has arrested and who had been driving it or riding in it within a time so recent as to be reasonably connected with the crime or incidental thereto.

As the officers searched the automobile lawfully, the lottery slips were seized lawfully and were therefore properly admitted in evidence. Finding no error in the rulings of the trial judge, we will affirm the judgment of conviction.

*Judgment affirmed, with costs.*