## JOHNSON *v.* STATE

[No. 103, September Term, 1959.]

*Decided December 15, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Stanford G. Gann,* for appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The defendant-appellant, Calvin Johnson, was tried before

a jury on a charge of selling a narcotic drug. He was found guilty and had previously been convicted of a narcotic offense. He was sentenced to six years' imprisonment and appeals.[1]

The sole question raised on this appeal is the sufficiency of the evidence to sustain the conviction. Our review of the facts is limited to determining whether or not there was sufficient evidence from which the trier of facts—in this instance, the jury—could properly draw the conclusion that the accused was guilty, beyond a reasonable doubt, of the offense charged. The weight of the evidence and the credibility of the witnesses were for the determination of the trier of fact. *Berry v. State,* 202 Md. 62, 67, 95 A. 2d 319; *Mazer v. State,* 212 Md. 60, 67, 127 A. 2d 630, and cases therein cited. See also three still more recent cases in which the rule has been applied—*Shockley v. State,* 218 Md. 491, 148 A. 2d 371; *Bulluck v. State,* 219 Md. 67, 148 A. 2d 433; *Breeding v. State,* 220 Md. 193, 151 A. 2d 743.

Here a paid informer employed by the Federal Bureau of Narcotics, who had a criminal record of his own, testified that on a certain day he had purchased a narcotic drug from the defendant with marked money furnished by the Bureau. An agent of that Bureau testified that he had turned the money over to the informer and had observed the informer in his contacts with the defendant and his co-defendant on the day in question, that he had seen the informer receive a small newspaper wrapped packet which was found to contain a gelatin capsule that held a white powder. This was duly proved to be heroin. A captain of the Baltimore City Police Department assigned to the Narcotics Squad testified to a conversation with Johnson following Johnson's arrest in which the defendant admitted taking the money and admitted using heroin, but denied having sold it. The defendant took the stand and denied having had any narcotics transaction with the informer on the date in question. The defendant

---

1. This case was before this Court at an earlier stage, Johnson v. State, 219 Md. 481, 150 A. 2d 446. It was there held that Johnson, as an indigent defendant, was entitled to a free copy of the transcript of proceedings at his trial for use on a motion for a new trial. The motion has since been heard and denied.

also had a criminal record in addition to his prior narcotics charge conviction.

The defendant would have us hold that the testimony of the informer was, as a matter of law, unworthy of belief and hence that the evidence was insufficient to sustain his conviction. On the facts as outlined above we can accept neither the defendant's premise nor his conclusion.

*Judgment affirmed.*