## ODEN *v.* STATE

[No. 192, September Term, 1959.]

*Decided April 19, 1960.*

*Letter of April 21, 1960, from the appellant treated as a motion for rehearing, denied June 16, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert E. Carney, Jr.,* for the appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Frank H. Newell, III, State's Attorney for Baltimore County,* and *Gerald V. Caldwell, Assistant State's Attorney for Baltimore County,* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

John W. Oden, the appellant, David L. Oden and Daniel J. Lawler were charged with attempting to break and enter a drugstore in Baltimore County. They were tried before the court, sitting without a jury, and were found guilty, and each was sentenced to confinement in the Maryland Reformatory for Males for not more than five years. John W. Oden

alone appeals. He contends that burglar's tools found by the police in the trunk of Lawler's car were improperly admitted in evidence against him and that the evidence against him was insufficient to warrant conviction.

At about 2:45 A.M. on July 28, 1959, a witness, who was a night supervisor at a convalescent home across the street from the drugstore in question, noticed that a black (or dark) 1952 or 1953 Ford car had pulled into an adjacent, but closed, gasoline station and that a man in a plaid shirt was walking up and down North Bend Road and around the gasoline station at the corner of that road and Edmondson Avenue. Two men got out of the car and the man in the plaid shirt joined them and they all got in the car. A few minutes later the witness heard a banging or hammering noise and looked out the window to see what was going on. The car was at the gasoline station, parked behind the drugstore. The witness saw the three men take something like a suitcase "in back of the car." It was apparently heavy. One of the men was cutting on the side door of the drugstore. They then started banging on the back door. At this stage of proceedings the witness called the police. The three men left just after that and pulled off on North Bend Road.

A few minutes later the first police officer arrived in response to the call. He drove around the drugstore, stopped behind it and then circled it on foot. There was no one then in sight. He observed that two locks on the cellar door had been cut and removed from the hatch. Another police car arrived, and at about 3:45 A.M. a dark, 1953 Ford approached the drugstore along North Bend Road, without lights, as one of the officers testified. He stopped the car. When first sighted, it appeared to contain only one person, who was driving. That was Lawler, the owner of the car. After the car was stopped, the other defendants were found, one lying on the front seat, the other on the back. All three were ordered out of the car and were handcuffed at once.

Lawler was asked for the key to the trunk of the car. He said that he had none and the officers then forced the trunk open and found in it "a complete set of burglary tools."

Among them was a pair of pincers or bolt-cutters. These and the two locks cut from the door of the drugstore were sent to the F. B. I. laboratory in Washington, which reported that the locks had been cut with those pincers.

Driving a car without lights in the dark hours of early morning constituted a violation of the motor vehicle laws. This misdemeanor committed in the presence of the arresting officer would, of course, constitute sufficient ground for the officer to arrest the offender. The testimony that the lights were off was disputed, but this was a controverted issue of fact on which the trial judge accepted the officer's testimony; and we see nothing in the record which would warrant our concluding that the trial judge was in error in so finding.

It seems at least highly probable, in view of the prompt handcuffing of the defendants, that their actual arrest (as distinguished from a mere accosting) was based upon the attempted breaking and entering rather than upon the traffic violation. Concededly, that offense did not occur in the presence of either of the officers. However, even if the arrest of the appellant and his companions were unlawful, this would not vitiate the trial and conviction. See *Wright v. State,* 222 Md. 242, 159 A. 2d 636, and cases therein cited.

The State's evidence shows that the appellant was only a passenger in the car and not the owner or operator thereof. He asserts no claim of ownership or of possession of the automobile. The right to object to an unlawful search or to the introduction in evidence of the fruits thereof is personal to one whose rights have been violated. The appellant has failed to show that his rights were violated by the search and hence he is in no position to invoke the protection of the Bouse Act, Code (1957), Art. 35, Sec. 5. *Bevans v. State,* 180 Md. 443, 24 A. 2d 792 (search of an automobile— burglar's tools); *Curreri v. State,* 199 Md. 54, 56, 85 A. 2d 454 (search of truck—lottery). See also *Baum v. State,* 163 Md. 153, 161 A. 244; *Lambert v. State,* 196 Md. 57, 75 A. 2d 327; *Delnegro v. State,* 198 Md. 80, 86, 81 A. 2d 241 (invitees); *Lingner v. State,* 199 Md. 503, 86 A. 2d 888; *Cross v. State,* 199 Md. 507, 86 A. 2d 891; *Saunders v. State,* 199 Md. 568, 87 A. 2d 618; *Manger v. State,* 214 Md. 71, 133 A.

2d 78. The facts of the present case differ from those of a recent Federal case directly involving the Fourth Amendment, *Jones v. United States,* 362 U. S. 257, 28 Law Week 4235, decided since the argument of this case. There the defendant was alone using the apartment of a friend with the friend's consent when a warrant to search it for narcotics was executed. The friend was absent. Narcotics were found and the defendant was convicted of offenses as to which the possession of narcotics furnished a basis for conviction. He was held to have standing to challenge the validity of the search and seizure.

We thus do not read the question whether the arrest for a violation of the motor vehicle law based on the absence of lights could serve as a basis for a search of the car as incidental to the arrest. See *Brown v. State,* 207 Md. 282, 287, 113 A. 2d 916, where the difficulty was recognized of laying down a general rule, from an abstract point of view, as to the extent beyond a search of the person to which a search incidental to an arrest may properly go. See also such cases as *Callahan v. State,* 163 Md. 298, 162 A. 856, and *Hill v. State,* 190 Md. 698, 59 A. 2d 630, dealing with arrests lawfully made and searches incidental thereto, which contain references to search for and seizure of tangible evidence of the crime, evidently referring to the crime for which the arrest is made.

Since such questions are not here reached, this case suggests, but does not present, a number of problems with regard to the law of arrest and of searches and seizures incidental to arrest. The late David Kauffman, of the Cumberland Bar, in an able and comprehensive article entitled *The Law of Arrest in Maryland,* 5 Md. L. Rev. 125 (1941) pointed out, *inter alia,* some problems relating to the right of a peace officer to make an arrest which grow out of the very unusual distinction between felonies and misdemeanors which prevails in Maryland. Unfortunately, those problems still persist. They can be dealt with by legislative, but not by judicial action.

In the light of the evidence which we have already summarized, we find no force in the appellant's contention that it was insufficient to sustain his conviction. We think that the evi-

330

dence and proper inferences therefrom were sufficient for the trial court to find the defendant guilty, and the judgment on the merits should therefore be affirmed. *Holtman v. State,* 219 Md. 512, 150 A. 2d 223; *Ward v. State,* 219 Md. 559, 563, 150 A. 2d 257; *Cooper v. State,* 220 Md. 183, 192, 152 A. 2d 120; *Walker v. State,* 220 Md. 453, 154 A. 2d 435; *Johnson v. State,* 221 Md. 177, 156 A. 2d 441; Maryland Rules, Rule 741 c.

*Judgment affirmed.*